LILLIAN ANNELLE FERGUSON V. L. A. FERGUSON ET AL.

No. A-7557. Decided; October 5, 1960.
(338 S.W. 2d Series 945)

*Jennings & Montgomery* and *Frank Jennings*, all of Graham, for petitioner.

*John W. Moore*, of Jacksboro, for respondents.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

This suit grew out of a dispute between the petitioner and respondents as to the ownership of profit and assets of a livestock trading business. Petitioner Lillian Annelle Ferguson filed suit for divorce against her husband, L. A. Ferguson, one of the respondents, on January 11, 1958. It developed during the pendency of the divorce suit that on about January 21, 1958, L. A. Ferguson began a cattle trading operation with community funds or funds borrowed on community credit in the name of L. L. Ferguson, his son by a former marriage. These operations were begun and continued while temporary injunction designed to prevent the concealing or secreting of community property was in force. During the trial of the divorce suit it developed that respondent L. L. Ferguson was claiming ownership of the entire livestock trading business by virtue of an oral inter vivos conveyance from L. A. Ferguson to L. L. Ferguson made on or about March 5, 1958. L. A. Ferguson disclaimed as to any interest in the property. Decision on the status of ownership of this property would have required the joinder of L. L. Ferguson, a third party to the relationship of husband and wife, as a necessary party to the divorce proceedings. While the trial court could have made L. L. Ferguson a party to the original suit under Rule 39(b) T.R.C.P., and afforded complete relief, upon motion of petitioner the issue forming the basis of the present trial was severed from the divorce suit pursuant to Rule 174(b) T.R.C.P. Judgment was then entered granting petitioner a divorce and adjudicating the property rights of the parties. Said judgment, however, provided that same would not be a bar to any action taken by petitioner to recover the profits and assets, if any, of the livestock trading business.

The divorce judgment was entered on July 24, 1958, and on August 19, 1958, petitioner brought this suit to set aside the purported oral conveyance from respondent L. A. Ferguson to respondent L. L. Ferguson, requesting that they be required to account to her for "½ of the profits of the operation commenced and carried on by defendant (respondents here) L. A. Ferguson

under the name of L. L. Ferguson (respondent here) ; that the remaining assets of such operation be partitioned between the plaintiff (petitioner here) and defendant L. A. Ferguson." Respondents answered by general denial. Trial was had to a jury and the judgment of the trial court recites that the court:

"* * * is of the opinion that judgment should be entered and rendered as follows for the defendant:

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the court of this the 15th day of October, 1958, that the defendants, L. A. Ferguson and L. L. Ferguson, furnish to plaintiff an accounting of the profits of the trading of any cattle and livestock, if any, between January 21st and March 5, 1958, and to further account to the plaintiff the profits, if any, on the 47 head of steers on hand and in possession of these defendants on March 5, 1958, and to pay plaintiff one-half of the net profits from the purchase and sale of said livestock.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED, that the plaintiff take nothing by this suit other than the relief hereinabove granted, and that she in all things be denied any relief sought by this suit.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED, that the cost in this lawsuit shall be borne equally between plaintiff and defendants for which the officers of the court shall have their execution."

■ This suit having been construed as an action involving the division of community property upon divorce, the question of jurisdiction of this court is raised. This court has jurisdiction because the property rights of L. L. Ferguson, a third party, to be adjudicated herein, are not dependent upon the granting or denial of a divorce, but could be adjudicated in a suit in which no divorce decree is sought. Korn v. Korn, Texas Comm. App., 29 S.W. 2d 1075; Bearden v. Knight, 149 Texas 108, 228 S.W. 2d 837.

Petitioner predicates her application for writ of error upon the proposition that the Court of Civil Appeals erred in holding that it had no jurisdiction because the judgment was not appealable, and erred in dismissing the appeal. 327 S.W. 2d 787.

We believe the Court of Civil Appeals has based its opinion

upon the premise that the instant case is merely an action for an accounting of community property. We view this suit not only as an action between *husband and wife* for division of community property, but also as a suit against a third party for title to and partitioning of certain assets. It is our opinion that the judgment is appealable and the Court of Civil Appeals has jurisdiction of the case for the reasons to be discussed.

The judgment of the trial court that the petitioner (plaintiff) "take nothing by this suit other than the relief hereinabove granted" had the effect of vesting title to all assets of the livestock trading business in L. L. Ferguson. Such judgment is adverse to the pleading and prayer of petitioner that she be awarded title to and partitioning of these assets, and it is from this phase of the judgment that petitioner specifically appeals.

On the question of the finality of the judgment for accounting, it is apparent from the record that the equities and rights of the parties were definitely and finally determined by said judgment. There remains only the rendering of one-half of the profits over a definite period of operation to the petitioner and the trial court has refused to appoint an auditor or receiver. The line of cases cited by the Court of Civil Appeals as controlling this question of finality of judgment in American Jurisprudence, p. 306, "Accounts and Accounting," Sec. 61, "Hearing and Reference" are referable to the situation where a receiver, auditor or master in chancery has been or is to be appointed, and they are not applicable in the present case.

Texas courts have always given consideration to the nature, form and effect of the judgment. Ware v. Jones, 250 S.W. 663, 665 (Texas Com. App. 1923); Consolidated Underwriters v. McCauley, 320 S.W. 2d 60, ref. n.r.e. In arriving at whether or not a judgment is final, the pleadings and evidence must also be taken into consideration, and in our opinion this is a final judgment as to the accounting between the parties according to the rule laid down in 3 Texas Jurisprudence 2d, p. 345, wherein it is said:

"However, the finality of a judgment that settles the rights controverted by the parties is not affected by the fact that further proceedings may be required to carry it into full effect, even though such proceedings may be expressly provided for, if they are merely incidental to the proper execution of the judgment."

In support of such proposition Texas Jurisprudence cites a

number of Texas cases, including Hargrove v. Insurance Inv. Corporation, 142 Texas 111, 176 S.W. 2d 744. The opinion by Judge Smedley in this case discusses at length finality of judgment. He quotes from Freeman's Law of Judgments, 5th Ed., Vol. 1, p. 70, Sec. 45, as follows:

"A judgment or decree which determines all the equities or the substantial merits of the case is final for purposes of appeal though further proceedings may be necessary in the execution of it or some incidental or dependent matter may still remain to be settled. It is not interlocutory because, when the merits of the controversy are adjudicated upon, and the equities of the parties definitely settled, an account is directed· to be taken to ascertain what sum is due from the one to the other, as the result of the decision already made by the court."

See also 3 A.L.R. 2d 342, 343, "Finality of Judgment or Decree for Purposes of Review as Affected by Provision for Future Accounting."

The Court of Civil Appeals relies heavily on the case of Sterrett v. Dyer, 230 S.W. 2d 461 (Texas Civ. App., San Antonio), writ refused. The Sterrett case is distinguishable from the present action, for the judgment showed on its fact that it was not intended to be final. The issue of accounting in the Sterrett case had been set down for separate trial and was still pending. A further decree of the court was definitely contemplated. The issue of accounting has been tried in the present case and judgment awarding an accounting to the petitioner for the period of trading from January 21 to March 5, 1958, and for the profits from the 47 head of steers on hand on March 5, 1958, has been ordered. Respondent was further ordered to pay over to petitioner one-half of the net profits, if any, from this period of trading and the 47 head of cattle. The trial judge refused to appoint an auditor, which supports the theory that he viewed the rendering of profits, if any, as a ministerial act incident to the final judgment.

There were no other equities or rights of the parties remaining to be determined by the court. The judgment concluded the whole proceedings and nothing remained but to execute it according to its terms. The judgment for title to the property and for the accounting was therefore final and appealable and, having so held, we reverse the judgment of the Court of Civil Appeals and remand the cause to that court.

Opinion delivered October 5, 1960.