**HUNT OIL COMPANY, et al,**
**Appellants,**

v.

**Willis MOORE, Trustee, Appellee.**

**No. 1464.**

Court of Appeals of Texas,
Tyler.

Feb. 25, 1982.

Rehearing Denied March 25, 1982.

Drew R. Heard, Allen Weed, Ralph Shank, Jay A. Brandt, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellants.

Edward Kliewer, Jr., Joe Callaway, Frank G. McDonald, Kliewer & Hood, Dallas, for appellee.

SUMMERS, Justice.

This is an appeal from a judgment of the trial court (1) declaring a certain oil and gas lease terminated, (2) finding the leasehold title vested in the appellee, (3) granting to appellee an accounting, and (4) awarding damages based thereon.

The initial question before us is whether we have jurisdiction to hear this appeal. The appellee, Willis Moore, Trustee, claims we are without jurisdiction because appellants, Hunt Oil Company, et al (Hunt Oil), failed to timely perfect their appeal.

We agree with appellee and dismiss the appeal for want of jurisdiction.

Some years after this case was originally brought, both sides filed motions for summary judgments. The trial court held hearings on these motions and on April 5, 1979, signed a judgment terminating the lease held by Hunt Oil as of May 16, 1962. The trial court further ordered that the cloud on appellee's title to the subject property be removed and that Hunt Oil render an accounting to the appellee for all of the oil, gas and other minerals produced from the unit which was attributable to the undivided one-tenth mineral interest of the appellee. Hunt Oil's motion for summary judgment was denied.

The accounting procedures were commenced over the next year, and on May 16, 1980, a so-called "Final Judgment" was signed. This judgment was identical to the judgment signed on April 5, 1979, except that Hunt Oil was ordered to pay appellee $377,058.52 which sum was arrived at as a result of the accounting. It was from this May 16, 1980, judgment that Hunt Oil appealed. Appellee claims that the true final judgment was the one signed on April 5, 1979, and Hunt Oil, therefore, failed to timely perfect its appeal.

The main issue involved here is whether the ordering of an accounting makes the judgment interlocutory and not appealable.

In *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945 (1960), the Supreme Court was faced with a similar issue. In that case a former wife sued her former husband to set aside a conveyance of business property from the husband to his son. The wife prayed for recovery of one half of the profits of business and for a partition of the property. The trial court ordered the husband to furnish the wife an accounting of the profits and to pay her one half of the net profits of the business. The wife's other prayed-for relief was denied, and she appealed.

The court of civil appeals dismissed her appeal holding that it had no jurisdiction because the judgment was not final. 327 S.W.2d 787 (Tex.Civ.App.). The court opined that there would be no final judgment until the accounting had been rendered.

The Supreme Court reversed the decision holding that the equities and rights of the parties were definitely and finally determined by the trial court's judgment. There remained only the rendering of one half of the profits over a definite period of operation to the wife.

Such is our case at bar. The April 5, 1979, judgment of the trial court determined the equities and rights of the parties. Such judgment was final for purposes of appeal even though further proceedings were necessary in the execution of it or some incidental or dependent matter still remained to be settled. It was not interlocutory because an account was directed to be taken to ascertain what sum was due from Hunt Oil to appellee. *Hargrove v. Insurance Inv. Corp.*, 142 Tex. 111, 176 S.W.2d 744, 746 (1944).

Appeal dismissed.