HUNT OIL COMPANY, et al.,
Petitioners,

v.

Willis MOORE, Trustee, Respondent.

No. C–1219.

Supreme Court of Texas.

July 21, 1982.

Shank, Irwin, Conant & Williamson, Ralph B. Shank, Drew R. Heard and Jay A. Brandt, Dallas, for petitioners.

Kliewer & Hood, Edward Kliewer, Jr. and Frank G. McDonald, Dallas, for respondent.

PER CURIAM.

Willis Moore, Trustee, brought suit against Hunt Oil Company and others (Hunt Oil) seeking to have a lease declared terminated, to have cloud on title removed, and to have title quieted in himself. Additionally, Moore sought to recover damages and prejudgment interest. Both parties filed Motions for Summary Judgment. The trial court entered a "Partial Summary Judgment" granting Moore's motion. This judgment declared the lease terminated, quieted title in Moore and ordered the cloud be removed. The Partial Summary Judgment further ordered that Hunt Oil "render an accounting to [Moore] for all oil, gas and other minerals produced ... which is attributable to [Moore's interest]." Moore was awarded costs of the suit, but the judgment did not mention Moore's claim for prejudgment interest.

After the accounting was completed by Hunt Oil, Moore filed a Motion for Final Judgment. The court entered a Final Judgment on May 16, 1980. The final judgment tracked the Partial Summary Judgment and then ordered that Hunt Oil pay Moore the sum of $377,058.52 together with 9% interest. The judgment denied all other relief not expressly granted.

Moore and Hunt Oil filed separate appeals. Hunt Oil appealed from the trial court's order terminating the lease, vesting title in Moore and awarding damages based on the accounting. Moore filed a motion to dismiss Hunt Oil's appeal. Moore alleged that the Partial Summary Judgment was in fact a final appealable judgment from which Hunt Oil should have perfected its appeal. Thus, Moore alleged, Hunt Oil did not timely perfect its appeal. The court of appeals granted Moore's motion and dis-

missed Hunt's appeal for want of jurisdiction. 629 S.W.2d 260.

The court of appeals relied on *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945 (1960), in dismissing Hunt Oil's appeal. In *Ferguson,* the court ordered an accounting be made and further ordered that one-half of the profits be paid to the plaintiff. This judgment was considered final and appealable because "[t]here remains only the rendering of one-half of the profits over a definite period of time...." Id. at 338 S.W.2d at 947.

 As this Court held in *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959), however, "a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable...." The "Partial Summary Judgment" entered in this case only established ownership in the leasehold estate and ordered an accounting to be filed in the future. Any award of damages based on the accounting necessarily had to occur at a subsequent time. *See Perkins v. Springstun,* 557 S.W.2d 343 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). Further, the judgment did not address Moore's claim for prejudgment interest.

The Partial Summary Judgment did not dispose of all issues, therefore, it was interlocutory and unappealable. Hunt Oil timely perfected its appeal from the Final Judgment and the court of appeals erred in dismissing the appeal for want of jurisdiction.

Pursuant to Rule 438 of the Texas Rules of Civil Procedure, we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to the court of appeals for consideration of the merits of the appeal.