**ROSEDALE PARTNERS, LTD., Relator,**

v.

**131ST JUDICIAL DISTRICT COURT, BEXAR COUNTY, Texas, Judge Peter Michael Curry and Judge Carol Haberman, Respondents.**

No. 04–93–00732–CV.

Court of Appeals of Texas, San Antonio.

Jan. 12, 1994.

Richard Jackson, Richard Jackson & Associates, Dallas, for appellant.

Bernard Lifshutz, John M. Killiam, San Antonio, for appellee.

Before BUTTS, GARCIA and RICKHOFF, JJ.

## OPINION

GARCIA, Justice.

This is an original proceeding in which the relator, Rosedale Partners, Ltd., is seeking to: (1) dissolve an injunction enjoining a sheriff's sale and other execution efforts, (2) dissolve an order granting real party's motion for new trial, and (3) reinstate previous orders allowing execution on real party's property. The issue presented is whether the orders complained of were signed after the trial court lost its plenary power over the underlying default judgment.

The determination of whether the trial court retained jurisdiction to issue the complained of orders hinges on the finality of the default judgment. Relator contends the default judgment was a final judgment even though it did not provide all the relief requested. The real party in interest, Bernard Lifshutz, maintains that the judgment was interlocutory because it did not expressly or by implication dispose of the requests for attorney's fees and prejudgment interest. We agree that the default judgment did not dispose of all issues expressly or by implication and therefore is interlocutory. Thus, the trial court retained plenary power to grant the new trial and to issue the orders terminating the collection efforts.

In January of 1993, Rosedale Partners, Ltd. (Rosedale) purchased an unpaid promissory note executed by Bernard L. Lifshutz. According to Rosedale, the unpaid deficiency balance at the time it purchased the note was $7,047,841.20. On March 5, 1993, Rosedale filed suit against Mr. Lifshutz seeking to recover: (1) the unpaid balance of $7,047,-841.20, (2) interest on this balance from the date of purchase until date of payment, and (3) attorney's fees. On May 24, 1993, the trial court entered a default judgment and awarded Rosedale $7,047,841.20, as the past due principal and interest at the time of filing suit, and post judgment interest. No motion for new trial was filed within thirty days of the entry of the default judgment.

Following the default judgment, Rosedale conducted post judgment discovery. Pursuant to a subpoena, Mr. Lifshutz appeared for a post judgment deposition and produced voluminous documents to Rosedale. Based on the information obtained from the deposition, Rosedale secured: (1) the entry of a charging order concerning the recovery of partnership interests, (2) the issuance of two writs of garnishment, and (3) the issuance of

an execution on the judgment with the sheriff of Bexar County posting certain personal property for sheriff's sale. Mr. Lifshutz countered by filing a motion to set aside the default judgment, a motion to dissolve the order of the sheriff's sale, a motion to dissolve the writs of garnishment, and an application for an injunction. All of the motions were based upon the premise that the default judgment was interlocutory. Judge Curry entered the order dissolving the writs of garnishment, dissolving the execution and order of sheriff's sale, and granting a new trial. Judge Haberman entered the injunction order and the order dismissing the charging order. Rosedale then filed its petition for writ of mandamus requesting that the previous orders of the trial court be reinstated and the injunction enjoining its collections efforts be dissolved. Rosedale contends that the default judgment in the underlying case was final and could not be affected or modified by the respective trial judges on any basis.

## I. MANDAMUS REVIEW

■ A writ of mandamus will issue to correct a clear abuse of discretion by a trial court or to correct a violation of a duty imposed by law if no other remedy at law is available to the relator. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992, orig. proceeding); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding). An abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson,* 700 S.W.2d at 917. A trial court does not have discretion in determining what the law is or in applying the law to the given facts. *Walker,* 827 S.W.2d at 840. The clear failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion which could result in appellate reversal by extraordinary writ. *Id.* However, mandamus will not issue when a clear and adequate remedy at law exists such as a normal appeal. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* Mandamus has been granted in cases concerning the finality of default judgments and the granting of new trials after the trial court lost jurisdiction. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692 (Tex.1986); *Schoenfeld v. Onion,* 647 S.W.2d 954 (Tex.1983).

Rosedale contends that the trial court abused its discretion in finding the default judgment interlocutory, dissolving the various collection orders, and granting a new trial because the trial court lost all jurisdiction, as a matter of law, thirty days after the date the default judgment was entered. Rosedale maintains that unless the orders barring its collection efforts are dissolved, it will be harmed because it may not be able to collect the judgment against the real party's assets due to the large amount of other outstanding judgments against Mr. Lifshutz.

■ In response to Rosedale's petition, the real party claims that Rosedale has failed to comply with the mandatory requirements of rule 121(a)(2)(C) and (F) of the Texas Rules of Appellate Procedure because its petition fails to be accompanied by a certified or sworn copy of the orders complained of and fails to include an affidavit verifying the truth of all factual allegations made in the petition. In reviewing Rosedale's petition, we find that the verification contained in the petition was signed only by the notary public and not by the relator or its representative. In oral argument, relator maintained that the verification was sufficient citing *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606 (Tex.1986), and *Stocking v. Biery,* 677 S.W.2d 792 (Tex.App.—San Antonio 1984, orig. proceeding).

In *Schindler,* the supreme court stated that copies of documents attached to a properly prepared affidavit are sworn copies under rule 166a(e). However, in the instant case, we do not have a properly prepared affidavit before us. Moreover, in *Stocking v. Biery,* the court noted that a certified copy of the trial court's order was submitted in the mandamus but the other documents were uncertified. The court found that the uncertified documents did not meet the requirements and were not properly before the court. In the instant case, we have been provided with copies of the various orders

**646**

and exhibits along with a verification signed by a notary public. However, a verification signed only by a notary public and not by the relator does not meet the procedural requirements of rule 121 of the Texas Rules of Appellate Procedure. *Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist. 1991, orig. proceeding [leave denied] ). Consequently, we have not been furnished with certified or sworn copies of the exhibits, and we do not have a proper verification of the factual assertions contained in the petition. *Id.* Ordinarily, the motion for leave to file would be overruled. However, because we have already granted relator's motion for leave to file its petition for writ of mandamus, we will address the merits of the petition in the interest of judicial economy because relator may correct these technical defects and refile its petition. *Id.*

## II. DEFAULT JUDGMENT

Rosedale claims that the default judgment entered is final despite the fact that Rosedale had asked for three categories of relief in its original petition but was granted only one category of relief in the judgment.[1] Rosedale asserts that by the omission of the other categories of relief requested, the trial court intended to grant only the relief awarded and to deny the other requested relief. In support of this theory, Rosedale refers to the language in the last sentence of the default judgment which states "for all of which let execution issue." Rosedale maintains that because execution is available only at the entry of a final judgment, the inclusion of that phrase indicates the judgment is final and conclusive on all matters before the court. Rosedale acknowledges that a final judgment must dispose of all parties and issues, but argues that the parties and issues may be disposed of by necessary implication. As further evidence that the judgment is final, Rosedale notes that the docket sheet shows an entry, contemporaneous with the entry of the default judgment, indicating

"case closed." Rosedale argues that all these factors indicate the judgment is final. Additionally, during oral argument, Rosedale argued that the order is final because Rosedale had abandoned its claims for attorney's fees and prejudgment interest.

A final judgment is one that disposes of all parties and all issues involved in a lawsuit. *Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986). The determination of the finality of a judgment may sometimes be ascertained based upon the intention of the trial court as gleaned from the language of the decree, the record as a whole, and the conduct of the parties. *Highway Contractors, Inc. v. West Texas Equip. Co., Inc.,* 584 S.W.2d 382, 384 (Tex.Civ.App.—Amarillo 1979, no writ); *see Harper v. Welchem, Inc.,* 799 S.W.2d 492, 495 (Tex.App.—Houston [14th Dist.] 1990, no writ) (determinative factor in interpreting judgment is intention of court). However, in determining whether the judgment is final, different presumptions apply depending upon whether the judgment is made following a conventional trial on the merits or results from a default judgment or motion for summary judgment. *Houston Health Clubs,* 722 S.W.2d at 693. The judgment is presumed final following a conventional trial on the merits. *North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966). However, in the context of default or summary judgments, the *Aldridge* presumption does not apply. *Houston Health Clubs,* 722 S.W.2d at 693. Rosedale acknowledges the existence of the *Aldridge* presumption but argues that it cannot be interpreted to mean that there is a presumption *against* finality in default judgments. Rosedale claims there is simply no presumption, and we must look to the trial court's file for evidence of whether the judgment was intended to be final.

### A. "Case Closed" Notation

As evidence of the intent to make the judgment final, Rosedale points to the

---

1. The petition set out that the total sum due from the defendant on the date of conveyance to Rosedale totalled $7,047,841.20 and that in addition to that sum, accrued interest had accumulated on the past due amount. Rosedale sought recovery of this interest from the date of the conveyance until date of payment. In addition, Rose-

dale requested attorney's fees. However, the default judgment awarded $7,047,841.20 as the past due principal and interest at the time the suit was filed, plus interest on the unpaid sum at the rate of eighteen percent (18%) per annum from date of judgment until date of payment.

notation on the court's docket indicating "case closed." The supreme court has stated that "a docket entry may supply facts in certain situations" but it may not prevail over or contradict a final judicial order. *N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex. 1977). One court has interpreted the certain situations referred to in *N–S–W* as correcting clerical errors in judgments or determining the meaning of words used in a judgment. *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 n. 2 (Tex. App.—Dallas 1986, no writ). Otherwise, docket entries are considered to be a memorandum made for the convenience of the clerk and the trial court and not a part of the record to be considered. *Roever v. Roever,* 824 S.W.2d 674, 676 (Tex.App.—Dallas 1992, no writ). From the limited record before us, we do not find that the case closed notation evidences intent by the trial court to make the default judgment final.

### B. "Let Execution Issue"

■ Rosedale also contends that the phrase "for all of which let execution issue" evidences the trial court's intent to make the judgment final. We have found no authority, and relator did not provide us with any, indicating that the use of the execution issue phrase evidences the intent to make the judgment final.[2] Moreover, judgments containing directives that execution issue have been found to be interlocutory. *See Macarangal v. Andrews,* 838 S.W.2d 632, 634 (Tex. App.—Dallas 1992, orig. proceeding [leave denied]) (order listing entity as a party, dismissing the cause, and providing for execution did not show intent of trial court to dispose of all parties and claims); *McClennahan v. First Gibraltar Bank,* 791 S.W.2d 607, 608–09 (Tex.App.—Dallas 1990, no writ) (judgment contained let execution issue phrase but court found summary judgment interlocutory for failure to dispose of counterclaim).

### C. Disposition of Issues by Necessary Implication

■ Rosedale asserts that in addition to evidencing the intent to make the judgment

final, the let execution issue phrase indicates that the claims for attorney's fees and prejudgment interest were disposed of by necessary implication. We disagree. Although it is well-settled that it is not "essential that the judgment in express terms specifically dispose of each issue" in order to be final, it is essential that the inference that the judgment does dispose of a particular issue follows as a necessary implication. *Davis v. McCray Refrigerator Sales Corp.,* 136 Tex. 296, 150 S.W.2d 377, 378 (1941); *see Matelski v. Matelski,* 840 S.W.2d 124, 126–27 (Tex. App.—Fort Worth 1992, no writ) (by enforcing partition agreement, court necessarily denied claim that party was under duress when signing agreement); *Chem–Gas Engineers, Inc. v. Texas Asphalt & Refining Co.,* 395 S.W.2d 690, 691 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.) (when plaintiff's action seeking adjudication of priority and foreclosure of lien dismissed, no right, equities, or issues left for adjudication between the parties; judgment disposed of plaintiff's claim for debt which could only be established via a lien by necessary implication). In the instant case, the court awarded the alleged amount of the note and post judgment interest. No mention was made as to the prejudgment interest or the attorney's fees as requested in the petition nor did the award of the note amount plus interest preclude the award of prejudgment interest or attorney's fees. Therefore, we do not find that these claims were disposed of by necessary implication.

### D. Final Judgment Disposes of All Parties and Issues

■ In order for a judgment to be final, it must dispose of all parties and all issues involved in the lawsuit. *Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986). Relator contends that all issues were disposed of because it abandoned its claims for prejudgment interest and attorney's fees. Although we note that one court has allowed a party to

---

2. However, had the default judgment included language purporting to dispose of all claims and/or parties (Mother Hubbard language), it

would have clearly evidenced the trial court's intent to dispose of all claims. *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993).

abandon or waive a request for punitive damages and impart the requisite finality to a judgment without informing the trial court of the decision to do so, in that case the court held it was not necessary to notify the trial court in order to show that the jurisdiction of the appellate court had been successfully invoked. *Jones v. Griege*, 803 S.W.2d 486, 487–88 (Tex.App.—Dallas 1991, no writ).

In *Griege*, the court concluded that Griege's notice to the appellate court of his decision to waive the request for punitive damages established that the judgment was now final and the appellate court had jurisdiction over the appeal. *Id.* at 489. However, in the instant case, it is crucial for us to know when Rosedale decided to abandon or waive its remaining requests in order to determine when the trial court's plenary power expired. In the record before us, we do not have any evidence of an amended petition deleting the claims for prejudgment interest and attorney's fees, an affidavit explaining when the claim was abandoned, or any other evidence indicating Rosedale's intent to abandon the remaining claims prior to the filing of the motion for new trial.[3] Therefore, we do not know if Rosedale abandoned its claims at the time the default judgment was signed, at the time the motion for new trial was filed, or during oral argument when the abandonment argument was first presented. Because we are unable to ascertain the finality of the judgment based on the abandonment of issues argument, we must review the judgment on its face to determine its finality.

The default judgment in this case provides the following:

It is therefore ORDERED, ADJUDGED and DECREED that Judgment is entered in favor of the Plaintiff Rosedale Partners, Ltd. against the Defendant Bernard Lifshutz in the amount of $7,047,841.20, the past due principal and interest at the time of filing of this suit, plus interest on this unpaid sum at the rate of eighteen percent (18%) per annum from date of Judgment until date of payment, for all of which let execution issue.

However, in reviewing plaintiff's original petition, we find that the following requests were made:

In addition to this sum [the $7,047,841.20], accrued interest as allowed by law is also accumulating on the past due sum shown above, and recovery of this interest from the date of such conveyance until date of payment is also sought by this suit. . . . Pursuant to the terms of the Notes themselves, the Plaintiff is entitled to recover a sum equal to fifteen percent (15%) additional on the amount of principal and interest owing, as attorneys' fees, and for the recovery of this additional sum claim is also made.

In *Houston Health Clubs*, the court found that a default judgment was interlocutory because it did not dispose of the punitive damage issue. *Id.* In that case, a default judgment was granted to the landlord for all the relief sought except for punitive damages. The punitive damage issue was not mentioned either expressly or by implication. The court held that because the default judgment remained interlocutory, the trial court retained jurisdiction to set it aside and grant a new trial. *Id.* at 694; *see H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 680 (Tex.App.—Corpus Christi 1991, writ denied) (where three possible authorities existed under which prejudgment interest could be awarded, failure to recite specific interest rate in default judgment case rendered judgment interlocutory). Moreover, in *Hunt Oil Co. v. Moore*, 639 S.W.2d 459, 460 (Tex.1982), a judgment, which did not mention the claim for prejudgment interest, was considered interlocutory until the court entered another judgment which tracked the language of the first judgment and added language which denied all other relief not expressly granted. The court found that the interlocutory judgment not only failed to address the claim for prejudgment interest but also ordered an accounting to be filed at a subsequent time. *Id.* at 460; *see New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990) (judgment which did not mention or

---

**3.** Both parties agreed during oral argument that no hearing was held at the time the default judgment was signed. Relator acknowledged

that the default judgment was mailed to the judge in order to obtain her signature.

dispose of counterclaim for attorney's fees interlocutory).

In the instant case, the trial court did not dispose of all the issues before it. Rosedale prayed not only for the amount of the note but also requested prejudgment interest and attorney's fees. Therefore, we hold that the default judgment entered was interlocutory, and the trial court retained jurisdiction to grant the new trial and dissolve its previous orders. Accordingly, the petition for writ of mandamus is denied.