In Re Howard J. WEISS, Debtor.

Charles Nissan, Leo Abramovitch, Herbert Schneider, Menachem Darwish, Ammon Gillad, Plaintiffs–Appellees,

v.

Howard J. Weiss, Defendant–Appellant.

No. 00 CIV. 2556(HB).
Bankruptcy No. 98–B–40935 (JHG).
Adversary No. 98–9131A.

United States District Court,
S.D. New York.

Oct. 31, 2000.

Charles A. Stillman, Stillman & Friedman, P.C., New York City, Charles R. Cuneo, Bayside, NY, for Howard J. Weiss.

Matthew G. Roseman, Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, L.L.P., Mineola, NY, for Charles Nissan, Leo Abramovitch, Herbert Schneider, Menachem Darwish and Aamon Gillad.

## OPINION and ORDER

BAER, District Judge.

Appellant/Debtor, Howard J. Weiss, appeals from a Bankruptcy Court Decision, Gallet, B.J., denying the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). *In re Weiss*, 235 B.R. 349 (Bankr.S.D.N.Y.1999). Appellant moves for reversal of that decision. For the reasons that follow, the decision of the bankruptcy court is AFFIRMED.

### I. BACKGROUND

Appellees are a group of individual investors who furnished monies to the debtor for the purpose of investing in a Texas car wash. In 1991, Appellees and two other entities commenced an action against the debtor, Howard J. Weiss and another individual, Don Avni Kaminetzky. The action was filed in the District Court of Harris County, Texas, 333rd Judicial District. In August 1996, Plaintiffs filed a Second Amended Original Petition which alleged a number of claims, each pled in the alternative, including fraud, negligent misrepresentation, constructive fraud, deceptive trade practices, conversion, contribution, breach of contract, conspiracy, a

shareholder's claim, damages and recission. (D–3.) [1]

The Texas action was called for trial on November 4, 1996. At that time, debtor's attorney, Michael Whalen, Esq. and Judge Henry Dalehite engaged in the following exchange:

> Mr. Whalen: Well, Your Honor, we will just confess a default judgment at this point against Mr. Weiss.
>
> The Court: You're going to confess judgment?
>
> Mr. Whalen: I'm going to confess judgment as requested in their pleadings.

(D–7 at 59–60.)

No explicit admission referring to the fraud claim (or any other claim) was made by debtor's counsel, and no such finding was made by the Texas court at that time.

The Texas court entered a final judgment (hereinafter, the "Texas Judgment") on November 25, 1996. (D–4.) The Texas Judgment recited that "the defendants, Howard Weiss and Dov Avni Kaminetzky, confessed and agreed to a judgment in favor of the plaintiffs in the sum of $337,500 for actual damages." (*Id.* at 1.) The Texas Judgment did not include any legal or factual findings with regard to any of the numerous causes of action.

Approximately two months later, Judge Dalehite issued "Findings of Fact and Conclusions of Law" (hereinafter "Findings") dated January 23, 1997. Judge Dalehite found, inter alia, that "[t]he defendants committed common law fraud, securities fraud, real estate fraud and constructive fraud" and that "[t]he defendants breached their fiduciary duty to the plaintiffs." (Findings at 8.)

Thereafter, appellees brought an action in the New York State Supreme Court to enforce the Texas Judgment pursuant to the Full Faith and Credit Clause of Article IV, Section I of the United States Constitution. The enforcement proceeding, contested by the debtor, was decided in

---

1. "D" refers to the numbered documents contained in the record on appeal.

Appellee's favor on June 20, 1997. On February 11, 1998, debtor filed a voluntary petition for bankruptcy in the Southern District of New York pursuant to Chapter 7 of Title 11 of the United States Code. On August 25, 1998, Appellees commenced an adversary proceeding seeking to declare the Texas Judgment non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). The debtor answered Appellee's complaint by alleging that he had made no admission of fraud and arguing that the Texas Judgment was not based on any finding of fraud by the Texas court.

On February 18, 1999, this matter came on for trial before the bankruptcy court. Each side put on one witness, but that testimony was of little help to the bankruptcy court. Its task was to determine if a confession of judgment containing a cause of action sounding in fraud and entered in a Texas court is preclusive on the issue of dischargeability.

## II. *DISCUSSION*

▇▇▇ In deciding the preclusive effect of a state court judgment in federal court, the bankruptcy court properly looked to the law of the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The judgment against Weiss was rendered in Texas state court; accordingly, Texas rules governing issue preclusion apply. A bankruptcy court's decision to give preclusive effect to a state court judgment is a conclusion of law that is subject to *de novo* review by the district court. *See In re Maxwell Newspapers, Inc.,* 981 F.2d 85, 89 (2d Cir.1992).

▇ On appeal, debtor does not take issue with Judge Gallet's determination that the facts sought to be litigated in the bankruptcy action were fully and fairly litigated in the Texas court action.[2] As the bankruptcy court pointed out, the facts of this case are such that the confessed judgment can satisfy the "fully and fairly litigated" requirement. Judge Gallet observed that, "a growing body of law both within Texas and in the Federal Circuit Courts" supports the conclusion that where, as in this case, the party to be precluded actively engages in pre-trial litigation for an extended period of time and then, on the day set for trial, chooses not to have the merits of its claims or defenses adjudicated, that party cannot be later heard to insist that its adversary must relitigate issues raised in the first case as though that case never occurred. 235 B.R. at 357–58 (citing cases). Nor does the debtor claim that the parties were not cast as adversaries in the Texas action. Instead, the debtor charges that the bankruptcy court erred when the judge found that the fraud cause of action was encompassed in the judgment. I agree with the debtor that the Texas Judgment of November 1996 could not be based on the Findings of Fact and Conclusions of Law issued in January of 1997. Furthermore, it is undisputed that the word "fraud" does not appear in the five-page Texas Judgment, and that the debtor's attorney did not mention fraud on the record when judgment was confessed on November 4, 1996.

▇▇ The debtor contends that his attorney did not explicitly confess liability on plaintiff's allegation of fraud, nor was an admission on this score reduced to writing in the Texas Judgment, and therefore argues that a finding of fraud was not essential to the Texas Judgment. Or, put another way, debtor's argument suggests

**2.** A party seeking to invoke the doctrine of collateral estoppel in Texas must establish "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Beech Aircraft,* 663 S.W.2d at 818 (citations omitted).

that his confession of judgment represents an acquiescence on the amount of damages but not a confession as to liability on the specific causes of action alleged in the pleadings. Such an argument is internally inconsistent. While Judge Gallet found that the preclusive effect of a confessed judgment appears to be an issue of first impression under Texas law, there can be no doubt that Texas case law supports the conclusion that "a judgment by confession is conclusive on the merits, and there is necessarily a finding of fault as to each cause of action alleged in the complaint." 235 B.R. at 356. In Texas, "[i]n order for a judgment to be final, it must dispose of all parties and all issues involved in the lawsuit." *Rosedale Partners, Ltd. v. 131st Judicial District Court, Bexar County,* 869 S.W.2d 643, 647 (Tex.App.—San Antonio 1994, orig. proceeding) (citation omitted). The Texas Judgment was captioned "Final Judgment", and the debtor does not argue that the judgment was less than final. Moreover, "[a]lthough it is well-settled that it is not essential that the judgment in express terms specifically dispose of each issue in order to be final, it is essential that the inference that the judgment does dispose of a particular issue follows as a necessary implication." *Id.* (internal citations and quotations omitted).

Here, because the Texas Judgment does not explicitly reference any of the causes of action in the underlying complaint, it can be read either to hold the debtor liable for each cause of action alleged, or to hold the debtor liable for none of the causes of action alleged. I find that the final Texas Judgment necessarily disposed of all causes of action. I note that debtor's attorney expressly stated that "I'm going to confess judgment *as requested in their pleadings.*" (Tr. 59–60). Moreover, during the proceedings, plaintiffs' counsel noted for the record that "they [defendants] have confessed judgment, as far as liability" and concluded that damages were all that remained to be resolved. (D–7 at 65.) Debtor's counsel did not utter a word to the contrary and then acquiesced to the amount of damages set forth in the pleadings, $337,500. (D–7 at 66.) The notion that the judgment does not dispose of each claim in the pleadings would, if followed to its logical conclusion, imply that the debtor is not liable on any of the claims and make a mockery of our civil justice system. The confession of judgment on this record represents a confession as to each claim in the complaint, including fraud and breach of fiduciary duty. The doctrine of collateral estoppel is applicable and satisfied. The decision of the bankruptcy court must be affirmed and the debtor is precluded from relitigating the fraud or breach of fiduciary duty raised in the Texas state court. Thus, the debt owed to the Appellees as a result of the Texas Judgment, and any accrued interest, is not dischargeable. *See* 11 U.S.C. § 523(a) (debts arising from fraud or breach of fiduciary duty are non-dischargeable). The portion of the Texas Judgment that granted attorneys' fees in the amount of $79,000 is to be discharged, in accordance with the bankruptcy court's ruling.

### III. *CONCLUSION*

For the reasons stated above, the bankruptcy court's ruling is AFFIRMED. The Clerk of the Court is instructed to close this case.

**SO ORDERED.**