In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00084-CV
______________________________


PATSY GENE COOK BRALEY, Appellant
 
V.
 
JOSEPH DAVID COOK, JR., SHIRLEY COOK AS
NEXT FRIEND FOR MICHAEL COOK, TONY COOK, II,
AND CONNIE MOSS, Appellees


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2002-227


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Patsy Gene Cook Braley appeals the trial court's imposition of a constructive trust and argues
that, at any rate, the judgment is not appealable. We agree and dismiss this appeal for want of
jurisdiction. 
            A judgment that finally disposes of all remaining parties and claims, based on the record in
the case, is final, regardless of its language. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex.
2001). Texas courts recognize that a judgment which determines all the equities or the substantial
merits of the case is final for purposes of appeal even though further proceedings may be necessary
to execute the judgment, or some incidental matter may still remain to be settled. Ferguson v.
Ferguson, 161 Tex. 184, 338 S.W.2d 945, 947 (1960) (quoting Hargrove v. Ins. Inv. Corp., 142 Tex.
111, 176 S.W.2d 744 (1944)). More specifically, when the merits of the case are decided and the
equities of the parties are definitely settled, a judgment is not interlocutory simply because an
account is directed to be taken to ascertain sums due as the result of the court's decision. Ferguson,
338 S.W.2d at 947.
            Here, Appellees' petition sought declaratory relief and imposition of a constructive trust. The
trial court held a trial on the merits, after which it declared the 1975 will to be contractual, imposed
a constructive trust on the property subject to that will, and ordered Braley to render an accounting
of such property. 
            Again, the trial court's order to file an accounting does not make the judgment interlocutory.
Instead, we base our determination on the uncertainty which the judgment addresses the certificates
of deposit at issue and its failure to describe the property which is subject to the constructive trust. 
So, while the judgment awards the declaratory and equitable relief sought in the petition, its language
"clouds with uncertainty the rights and obligations it establishes." See Hinde v. Hinde, 701 S.W.2d
637, 639 (Tex. 1985).
            Without a final, appealable judgment, this Court is without jurisdiction to hear the appeal.
See Lehmann, 39 S.W.3d at 195. Accordingly, we dismiss the appeal for want of jurisdiction. 
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          March 31, 2004
Date Decided:             April 8, 2004