NUMBER 13-05-008-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                                                                     


 

THOMAS LOVETT AND TERESA LOVETT,                                Appellants,

 

                                                             v.                                

 

BLAKE GRANT AND THEA GRANT,                                             Appellees.

                                                                                                                                      


       On
appeal from the 28th District Court of Nueces County, Texas.

                                                                                                                      

 

                               MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez and Castillo 

                      Memorandum
Opinion by Chief Justice Valdez

 








Appellants, Thomas Lovett and Teresa Lovett, are
plaintiffs and cross-defendants in the underlying lawsuit.  They appeal the district court=s entry of a settlement agreement as a final
judgment.  The other parties in the
underlying lawsuit include defendants and cross-plaintiffs, Blake Grant and
Thea Grant, as well as  numerous
third-party defendants.  No response to
the appeal was filed.  Because the
judgment entered by the trial court is not final, we will dismiss the appeal
for want of jurisdiction.

A. Background

In the spring of 2002, an altercation allegedly took
place between Teresa Lovett and Blake Grant. 
Shortly thereafter, Blake publicly stated that Teresa kicked him in the
groin, drew a firearm on him, and accused him of threatening to kill her.  The Lovetts filed suit against the Grants,
alleging several tortious acts, including defamation for Blake=s public recollection of his encounter with
Teresa.  The Grants answered the Lovetts= petition with a general denial, an affirmative
defense regarding the defamation claim, and cross-claims sounding in tort.[1]

At a pre-trial conference, the trial court referred
the parties to mediation.  The parties
attended mediation on September 28, 2004, where they signed (1) a
fill-in-the-blank document that is titled Asettlement agreement@ which
refers to an AExhibit A,@ and (2) a handwritten document, which is presumably
Exhibit A.[2]  Both documents contain interlineations.  The handwritten document reads as follows:

Parties agree in principal [sic] to explore
settlement through to mutual injunctions and agreements, enforceable by
contempt of fines and penalties for the purpose of preventing the parties from
demeaning each other in the future.  No
admission of liability.  (Interlineations
underlined).  

 

The fill-in-the-blank document contains several
paragraphs, the first two read as follows:

1.         The
parties hereto to attempt to settle settle pursuant to T.R.C.P. Rule 11
and Tex.Civ.Prac.&Rem. Code 154.071.

2.         The
consideration for this proposed settlement is as follows:  (several blank paragraphs followed).  (Interlineations underlined). 








Sometime after the mediation, a draft of the
proposed judgment was circulated to all counsel.  On October 1, 2004, appellants= counsel informed the other parties that his clients
did not intend to be bound by the mutual injunctions outlined in the agreement.

On October 4, 2004, a hearing was held in which all
counsel, except appellants= counsel, offered the settlement agreement and asked
the trial court to enter the agreement as the judgment.  Appellants=
counsel objected to entry of the agreement as a judgment.  However, the trial court signed an order that
reads in part, AThe Court is of the opinion that the Settlement
Agreement shall be entered as a Final Judgment in this case and said agreement
is enforceable as stated in the signed agreement.@

Appellants ostensibly raise two points of
error.  The first point of error is that
the trial court neither (a) filed the agreement with the papers of the court
nor (b) authenticated it. In a second point of error appellants contend that
trial court should not have entered the agreement as a final judgment because
they had withdrawn their consent to the agreement.  

B. Analysis

1. Finality of order

Before we reach the appellants points of error, we
must first determine whether we have jurisdiction and whether the order
constitutes a final judgment.








Unless otherwise authorized, an appeal may only be
taken from a final judgment or order.  Tex. Civ. Prac. & Rem. Code Ann. '' 51.012, 51.014 (Vernon 1997 & Supp. 2005).  The Texas Supreme Court has held that a
judgment without a conventional trial is final for purposes of appeal if, and
only if, either (1) it actually disposes of all claims and parties then before
the court, regardless of its language, or (2) it states with unmistakable
clarity that it is a final judgment as to all claims and all parties. Lehmann
v. Har-Con, 39 S.W.3d 191, 192-93 (Tex. 2001).  The Lehmann Court goes on to opine
that finality Amust be resolved by a determination of the intention
of the court as gathered from the language of the decree and the record as a
whole, aided on occasion by the conduct of the parties.@  Id.
at 203 (quoting 5 Ray W. McDonald, Texas
Civil Practice ' 24.4[a], at 7 (John S. Covell, ed., 1992
ed.)).  

We begin our analysis with an examination of the
trial court=s order.  It
is simply titled, AOrder.@  The order
uses the phrase Afinal judgment,@ but the phrase alone is not dispositive of the
finality issue because the order does not state with unmistakable clarity that
it is  final as to all claims and all
parties.  See Id.  Instead, the order refers to a settlement
agreement, which we must analyze next.  

The handwritten agreement in the underlying order
leads us to believe that the order is not final because the agreement
necessarily contemplates a future final judgment.  The handwritten agreement states that the Aparties agree in principal [sic] to explore
settlement,@ instead suggesting that the parties did not agree
on a final resolution, but agreed to further settlement negotiations.  Those further settlement negotiations would
base a resolution of the claims on Amutual injunctions and agreements, enforceable by
contempt of fines and penalties.@  The
agreement not only called for future negotiations and a possible settlement
based on those negotiations, but also foresaw the need for future court orders
in the form of injunctions and contempt decrees.  The final phrase of the agreement reads Ano admission of liability.@  That phrase
cannot be read as a non-suit or dismissal because it does not specify the
parties or actions that are being absolved.  









One might argue that a judgment may be final even
though future proceedings may be necessary to carry the judgment into full
effect, if those proceedings are merely incidental to the proper execution of
the judgment.  Cf. Ferguson v.
Ferguson, 338 S.W.2d 945, 947-48 (Tex.1960) (A trial court=s order that an accounting be given to a former
spouse was final because no other rights or equities were remaining to be
determined by the court).  However, here
the order signed by the trial court needs more than incidental proceedings to
bring about a final resolution.  The
agreement entered by the trial court contemplates another instrument B a true final judgment.  Therefore, because the order is not final,
the appeal should be dismissed for want of jurisdiction.

C. Conclusion

Without reaching the appellants= points of error, we dismiss the appeal for want of
jurisdiction.  Tex. R. App. P. 42.3(b)         

 

ROGELIO VALDEZ

Chief Justice

 

Dissenting Memorandum Opinion

by Justice Errlinda Castillo.

 

Memorandum Opinion delivered and 

filed this the 20th day of July, 2006.

 

 











[1] The other cross-claims include
assault, battery, conspiracy, and harassment.





[2] Two third-party defendants did not
attend mediation but signed the tendered agreement at the October 4, 2004,
hearing.