**Opinion issued June 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00870-CV

———————————

**ELISHAH SAWYERS, PAX CRATE & FREIGHT, INC.,
AND ROBIN SAWYERS, Appellants**

**V.**

**MARC CARTER AND SALLY CARTER, Appellees**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 14-07-22604

## MEMORANDUM OPINION

Elishah and Robin Sawyers, together with Pax Crate & Freight, Inc. (collectively, the Sawyers) appeal the trial court's default judgment in favor of Marc and Sally Carter. The Sawyers contend that the judgment is an interlocutory

order, or alternatively, that the Carters did not obtain effective service of process on them before obtaining the judgment. They further contend that the evidence supporting the trial court's award of damages is legally and factually insufficient. We conclude that the challenged judgment is an interlocutory order and thus dismiss the appeal for want of jurisdiction.

## Background

The Carters and the Sawyers own adjoining lots in Hockley, Texas on Margerstadt Road. In July 2014, the Carters sued the Sawyers for private nuisance, alleging that the Sawyers' use of dirt bikes on their property interfered with the Carters' use and enjoyment of their neighboring property. Pax Crate & Freight, Inc. is a corporation whose registered agent is Elishah Sawyers. In their petition, the Carters sought damages for diminution of their property value and a permanent injunction against the "use of excessively loud dirt bikes or other ATV's on the Defendant's property" and "the construction of Pax Crate & Freight, Inc. on the Defendants' property [on] . . . Margerstadt Road." The Carters also requested that the trial court award attorney's fees, court costs, and prejudgment and postjudgment interest on their claims.

In August 2014, the Carters moved for a default judgment, asserting that the Sawyers had not answered or appeared in response to the suit. In September 2014, the trial court granted the motion. It awarded actual damages of $480,000,

2

attorney's fees of $3,071.20, court costs, and postjudgment interest, but it did not award prejudgment interest. The order also purported to grant "an injunction against unreasonable and excessive noise and dust created by the riding of large dirt bikes on the Defendants' property" and "an injunction against moving Defendants' crating business, Pax Crate and Freight, Inc., to Defendants' Margerstadt Road property." The order does not contain a Mother Hubbard clause or state that it is a final judgment. The Carters thereafter sought execution of the judgment.

## Discussion

The Sawyers conditionally appeal the judgment, contending that it is an interlocutory order. They ask that we remand the case to the trial court to allow it to address their challenges to service of process and to the order in the first instance. In the event we hold that the judgment is final and appealable, they ask that we review the merits of their challenges to the judgment. Because the order does not dispose of the requests for prejudgment interest and neither the order nor the record contains evidence that the order was a final order, we conclude that the trial court's order is not a final judgment.

*Standard of Review and Applicable Law*

A judgment following a trial on the merits is presumed to be final, but no similar presumption of finality attaches to a default judgment. *In re Burlington*

3

*Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001), and *Houston Health Clubs, Inc. v. First Ct. of App.*, 722 S.W.2d 692, 693 (Tex. 1986) (per curiam)). A judgment that disposes of all parties and claims is final. *Id.* at 830 (citing *Lehmann*, 39 S.W.3d at 200). "To determine whether an order disposes of all pending claims and parties, it may . . . be necessary for the appellate court to look at the record in the case." *Lehmann*, 39 S.W.3d at 205–06. A default judgment that does not dispose of all claims can be final only if the "intent to finally dispose of the case" is "unequivocally expressed in the words of the order itself." *Burlington*, 167 S.W.3d at 830 (quoting *Lehmann*, 39 S.W.3d at 200). A reviewing court "cannot conclude that language permitting execution 'unequivocally express[es]' finality in the absence of a judgment that actually disposes of all parties and all claims." *Id.* at 830–31 (holding that trial court abused its discretion by permitting execution to issue) (quoting *Lehmann*, 39 S.W.3d at 200).

When a default judgment does not dispose of an unresolved request for prejudgment interest, the judgment is interlocutory, not final. *Hunt Oil Co. v. Moore*, 639 S.W.2d 459, 460 (Tex. 1982) (per curiam) (holding that summary judgment was interlocutory, reasoning that judgment awarded damages requiring a future accounting and that "judgment did not address [the plaintiff's] claim for

prejudgment interest"); *Rosedale Parts., Ltd. v. 131st Judicial Dist. Ct., Bexar Cnty.*, 869 S.W.2d 643, 648–49 (Tex. App.—San Antonio 1994, no pet.) (holding that default judgment that did not dispose of claims for prejudgment interest and attorney's fees was interlocutory); *see also Farm Bureau Cnty. Mut. Ins. Co., v. Rogers*, 455 S.W.3d 161, 161–62 (Tex. 2015) (per curiam) (holding that order denying summary judgment, which contained Mother Hubbard clause, was interlocutory because "it did not resolve the parties' competing requests for attorney's fees"); *Houston Health Clubs*, 722 S.W.2d at 693–94 (holding that default judgment was interlocutory, as it did not dispose of plaintiff's claim for punitive damages); *Harris Cnty. Toll Rd. Auth. v. Sw. Bell Tel., L.P.*, 263 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2006) (holding that summary judgment was interlocutory because it left open amount of prejudgment interest and did not dispose of all claims), *aff'd,* 282 S.W.3d 59 (Tex. 2009).

In *Rosedale*, the San Antonio Court of Appeals reasoned that when the record presented no "evidence of an amended petition deleting the claims for prejudgment interest and attorney's fees, an affidavit explaining when the claim was abandoned, or any other evidence indicating [the plaintiff's] intent to abandon the remaining claims," it could not determine that the plaintiff had abandoned those requests at the time of the default judgment. 869 S.W.2d at 648. Because the judgment in that case did not dispose of the plaintiff's requested prejudgment

interest and attorney's fees, the San Antonio Court of Appeals held that the judgment was interlocutory. *Id.* at 649.

In *Hunt Oil*, the Texas Supreme Court considered a case in which the parties contested the finality of a summary judgment order. 639 S.W.2d at 459. In its summary judgment, the trial court did not dispose of a claim for prejudgment interest and ordered that one party "render an accounting" of damages. *Id.* After the accounting of damages was complete, the trial court entered another judgment, ordering damages of approximately $377,000. *Id.* The Texas Supreme Court held that the summary judgment was interlocutory because it required a future calculation of damages and did not dispose of a claim for prejudgment interest. *Id.* at 460.

*Analysis*

Similar to the facts presented in *Rosedale Partners*, the default judgment in this case does not contain any finality language. Thus, we examine the record to determine whether the judgment disposes of all claims and parties. *See Burlington*, 167 S.W.3d at 830; *Lehmann*, 39 S.W.3d at 205–06.

The Carters requested prejudgment interest in their petition, but the trial court did not dispose of their request. The record does not contain any evidence that the Carters abandoned their claim before the trial court rendered its default judgment. *See Rosedale*, 869 S.W.2d at 648. Because the judgment does not

dispose of the Carters' request for prejudgment interest, we conclude that it is interlocutory. *See id.* at 648–49.

In response, the Carters point to their request for execution of the judgment. However, the Texas Supreme Court has held that language permitting execution of a judgment does not unequivocally express finality when the judgment does not dispose of all parties and claims and the judgment under review is a default judgment. *See Burlington*, 167 S.W.3d at 830–31.

In addition, the trial court's order purporting to grant injunctive relief lacks specificity about the acts to be restrained, the reasons for its issuance, and its duration; it merely states that the Carters' "Motion for Default Judgment on an injunction against unreasonable and excessive noise and dust created by the riding of large dirt bikes on Defendants' property is granted" and "Motion for Default Judgment on an injunction against moving Defendants' crating business, Pax Crate and Freight, Inc., to Defendants' Margerstadt Road property is granted." These orders are inadequate to grant permanent injunctive relief. *See* TEX. R. CIV. P. 683 ("Every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ."). Because the trial court's default order neither (1) details specific reasons for its issuance, nor (2) details with any specificity or duration the acts which the Sawyers

must refrain from doing, nor (3) expresses any indication that it is a permanent injunction or a final order, we conclude that the purported grant of injunctive relief by default does not appear on its face to be a final permanent injunction. *See Hunt Oil*, 639 S.W.2d at 460.

Because it lacks indicia of finality, the trial court's order granting a default judgment is not a final order. Our appellate jurisdiction is limited to review of final judgments; we thus dismiss this appeal for want of jurisdiction. *See Braeswood Harbor Parts. & Prop. Owners ex rel. Patrick O'Connor & Assocs., Inc. v. Harris Cnty. Appraisal Dist.,* 69 S.W.3d 251, 252 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Excluding certain statutory exceptions that do not apply here, this Court's appellate jurisdiction is limited to review of final judgments that dispose of all parties and claims."). We remand the case to the trial court to consider the parties' other arguments raised on appeal. *See* TEX. R. APP. P. 47.1.

## Conclusion

We dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.



Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.