**Dismissed and Memorandum Opinion filed March 10, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00863-CV

## ASSET RES SERVICES LLC, Appellant

## V.

## PARADIGM RECOVERY AND REMARKETING LLC AND SONIA RODRIGUEZ, Appellees

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1140142**

## MEMORANDUM OPINION

This is an attempted appeal from an order granting summary judgment on appellees' breach-of-contract claim. In three issues appellant asserts the trial court erred in granting summary judgment because (1) appellees failed to prove the essential elements of their cause of action for breach of contract as a matter of law; (2) the trial court erred in awarding attorney's fees because section 38.001 of the Civil Practice and Remedies Code does not authorize recovery of attorney's fees

against a limited liability company; and (3) appellees failed to give appellants the requisite 21-day notice of the hearing on the motion for summary judgment. Because the summary judgment order is not final, we dismiss appellant's appeal.

According to appellees' original petition, Paradigm Recovery and Remarketing was owned by Sonia Rodriguez until it was sold to Asset Res Services through an asset purchase agreement. Appellees Paradigm and Rodriguez sued appellant Asset Res Services after appellant allegedly ceased making payments under the agreement. Appellees alleged causes of action for breach of contract and fraud. Appellees subsequently filed a motion for traditional summary judgment in which they alleged they conclusively established their claims of breach of contract and fraud.

The trial court signed an order granting appellees' motion for summary judgment on their claim for breach of contract. The trial court's partial summary judgment specifically excluded the claim for fraud. The judgment does not contain language of finality.

A summary judgment order is not final for purposes of appeal unless it actually disposes of all pending claims and parties or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). In the instant case, the order granted appellees' summary judgment motion on their claim for breach of contract, but the claim of fraud was crossed out. The trial court did not grant summary judgment on the fraud claim, which remains outstanding. Further, the order does not clearly and unequivocally state that it finally disposes of all claims and parties.

When an order does not dispose of all pending parties and claims, the order remains interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352,

2

352 (Tex. 2001).

On January 10, 2022, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless any party filed a response demonstrating grounds for continuing the appeal on or before January 20, 2022. *See* Tex. R. App. P. 42.3(a).

Appellant filed a response in which it alleges the trial court's order is final and appealable because the court's docket sheet notes the status of the case as "closed." Such a notation, however, has no bearing on the clear language of the trial court's order and is not controlling. *See Harris County Appraisal Dist. v. Johnson*, 889 S.W.2d 531, 533 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) (rejecting docket sheet notation referring to finality and warehousing of file as sufficient to overcome lack of disposition of claim for attorney's fees in order granting summary judgment); *Rosedale Partners, Ltd., v. 131st Judicial Dist. Court*, 869 S.W.2d 643, 646–47 (Tex. App.—San Antonio 1994, orig. proceeding) (holding that "case closed" notation on court's docket sheet did not reflect trial court's intent to finalize interlocutory default judgment). Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

Because the trial court's order is not a final, appealable judgment, and no statute provides for an interlocutory appeal in this case, the appeal is ordered dismissed.


/s/    Jerry Zimmerer
       Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.


3