James B. SIMPSON, Appellant,

v.

Modesta Good SIMPSON, Appellee.

No. 3904.

Court of Civil Appeals of Texas.

Eastland.

Jan. 29, 1965.

See also 378 S.W.2d 352, 380 S.W.2d 855.

Legg, Saxe & Baskin, Pat M. Baskin, Midland, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Charles Tighe, Midland, for appellee.

COLLINGS, Justice.

In June, 1963, Modesta Good Simpson brought suit against James B. Simpson for a divorce. In November, 1963, defendant, James B. Simpson, answered and denied the allegations in plaintiff's petition to the effect that the parties had theretofore divided their property. Defendant alleged that the parties had executed an instrument which purported to be an agreement for a property settlement, but that such agreement and two instruments thereafter executed pursuant thereto were invalid and void and should be set aside because against public policy in that such agreement and executed instruments contemplated and were "promotive of" divorce. On October 9, 1963, the court after hearing entered an interlocutory decree dissolving the marriage but left the controversy concerning the division of property for later determination. On December 9, 1963, the court heard the evidence and argument pertaining to division of property and rendered judgment making final the judgment for divorce, and approved and confirmed the property settlement. The court further found that the parties had made certain conveyances and exchanges of properties and monies for the purpose of consummating the agreement and of settling their property rights and interests. It was found that such transaction constituted a fair and equitable division of their property, and the court ratified, confirmed and approved the transactions, changes and division made and acquiesced in by the parties in consummation of the settlement agreement. Judgment was rendered against the defendant on his plea to have such property settlement agreement and the instruments executed pursuant thereto declared invalid and void. James B. Simpson has appealed and seeks to reverse the judgment insofar as it relates to the property division.

The record shows that the Simpsons were first married more than twenty-five years ago. In January, 1961, they were divorced in the State of Nevada. At that time they had accumulated considerable community property, but there was no division of the property. In March, 1962, the parties were remarried in Big Spring, Texas, and in April, 1962, they again separated. In July of 1962, while separated, they entered into an agreement for the division of their property. The agreement contained the following provision:

"The parties hereto are presently husband and wife, but are living separate and apart from each other and it is contemplated that James B. 'Dick' Simpson is to secure a divorce, at an early date, at which time the provisions with reference to a settlement of their joint property interest under the terms of this agreement is to be effective."

Thereafter, during the period of separation James Simpson secured a divorce in old Mexico but it is agreed by all parties that the Mexican divorce was not valid. After the Mexican divorce and while both parties thought it was valid they consummated the prior agreement for a division of their property on October 29, 1962, by execution of deeds, and a check executed by Modesta Good Simpson in the sum of $20,000.00 payable to appellant, James B. Simpson. This check was received and endorsed by appellant and deposited by him in his bank account. At the time of the execution of the conveyance and the making and delivery of the $20,000.00 check pursuant to the settlement agreement both parties mistakenly believed that the Mexican divorce had terminated their marriage relationship. The parties thereafter discovered that the Mexican divorce was not valid and appellee Modesta Good Simpson in June of 1963 brought the divorce suit against appellant in Borden County.

Appellant urges points contending that the court (1) erred in refusing to declare void the written agreement for property

division and the instruments executed pursuant thereto and (2) erred in awarding to Mrs. Simpson appellant's separately owned undivided interest in the real property held by the parties as tenants in common. In our opinion no reversible error is shown.

■ The agreement for division of the property which appellant contends to be void was thereafter consummated by execution of instruments purporting to convey title and a $20,000.00 check. This transaction constituted a division of the property in substantial accord with the terms of the prior agreement. The parties were still separated when this division was made. They believed that the divorce which appellant had secured in old Mexico was valid, and they thought they were both single persons. The division of the property under these circumstances was not in our opinion void because "promotive of a divorce". The record and the finding of the court indicate that the transaction was a fair and equitable division of the property. The court did not err in ratifying and confirming such division of the property. In Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, it is stated concerning deeds of separation as follows:

"All deeds for future separation are held to be absolutely void; but, where the spouses have already separated, or have determined upon a separation, and are in the act of executing it, a conveyance by the husband intended as a provision for the support of the wife will be upheld. * * * by the weight of authority in the American courts, they are held valid in so far as they settle the rights of property between the husband and wife, provided they have been entered into without coercion or other undue influence, and the provisions are just and equitable."

See also Cox v. Mailander, Tex.Civ.App., 178 S.W. 1012, (Error Ref.); Wheat v. Wheat, Tex.Civ.App., 239 S.W. 667; Rodriguez v. Rodriguez, Tex.Civ.App., 233 S.W.2d 916. These cases indicate that if a separation agreement is made at a time when the parties have already separated with the expectation of remaining permanently apart that such an agreement for the division of their property is not contrary to public policy and will be upheld if entered into without coercion or other undue influence and the division is just and equitable.

■ Appellant further contends that the conveyances are void and may be set aside because of a mutual mistake of fact. Appellant urges that both parties, at the time they executed the conveyances pursuant to the agreement, mistakenly believed that a final divorce decree had been entered dissolving their marriage and that the conveyances should therefore be set aside. It is true that both parties were mistaken about the validity of the Mexican divorce. However, for a mutual mistake of fact to constitute grounds for cancellation or recision of an instrument it must appear that the parties contracted under a mistake of fact that was material and essential to an understanding of the consequences of the agreement, and that the mistake did not relate to a mere incident thereto. The mistake here in question in our opinion related to a mere incident to the division of the property. The material consideration of the parties was a division of their property. They were permanently separated. They thought they were divorced. The fact that they were mistaken in believing that they were divorced was, in our opinion not such a mistake of fact as constitutes a ground for cancellation of the conveyances and division of property. There is no showing that the mistake has resulted in any injury to appellant. There is likewise no showing that appellee was guilty of any fraud, overreaching or breach of confidence in the matter. 10 Tex.Jur., pages 355, 356; Edwards v. Trinity B. V. Ry. Co., 54 Tex. Civ.App. 334, 118 S.W. 572, (Error Ref.).

■ We also overrule appellant's point contending that the court erred in awarding to Mrs. Simpson appellant's separately

owned undivided interest in the real property held by the parties as tenants in common. The parties had agreed to such a division of their property and had executed conveyances dividing the property in accordance with the agreement. There was no reason why appellant could not convey or agree to convey his separate property to his wife as a part of the settlement. The court simply ratified and confirmed the action of the parties in so dividing the property.

We find no reversible error in any of the points urged by appellant. The judgment is affirmed.