**James R. PETTITT, Jr., Appellant,**

v.

**Shirley Ann PETTITT, Appellee.**

**No. C14–85–165–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

Briscoe Swan, Houston, for appellant.

Steven C. Simmons, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment entered on a motion to enforce agreement incident to divorce. The judgment complained of ordered a sale of the property of the marital domicile of the parties, appointed a receiver to make the sale and stated the proceeds should be divided between the parties. Appellant claims in nine points of error that the court erred in (1) entering a judgment where the statute of limitations had run and the court no longer had jurisdiction; (2) finding the parties to be co-tenants in the property, appointing a receiver to sell the property and ordering a sale; (3) entering a final judgment ordering the sale, appointment, and distribution when the divorce decree and agreement were too vague to base such a judgment; and (4) failing to make findings of facts and conclusions of law. We affirm.

The property which is the subject of this proceeding is located at 3919 Coleridge and was conveyed by an assumption deed to James Robertson Pettitt, Jr. "a single man", on the date of execution of the deed, August 31, 1967. He married appellee on September 2, 1967. The parties were subsequently divorced by decree dated January 9, 1979. The agreement between the parties for the division of their estate was approved and incorporated into the divorce decree. The provision concerning the subject property provided:

"Both Husband and Wife agree that the residence at 3919 Coleridge, Houston, Texas described as Lot 5, Block 12, Collegeview 3rd, an addition in Harris County, Texas, according to the map thereof recorded in Volume 572, Page 33 of the deed records of Harris County, Texas, shall be placed for sale and *the net proceeds of the sale of such shall be divided with 50% to petitioner and 50% to respondent* after the payment of the following listed community debts: ...

The parties further agree that *the residence shall be sold by July 1, 1979.*" (emphasis supplied).

The property was allegedly listed with two separate real estate agencies in 1979 but was not sold. Appellant has continued to live in the home. He now lives there with the two children from their marriage and a daughter of appellee's from a previous marriage.

The appellee filed a "Motion to Enforce Agreement Incident to Divorce" on May 16, 1984 and an amended motion on July 27, 1984. She requested, first of all, that the court order the parties' marital domicile be placed on the market for sale and the net proceeds equally divided between the parties. In the alternative, the appellee stated

that she was a co-tenant in the property and requested the court to order a partition of the property, a sale and an equal division of the net proceeds between the parties. Further in the alternative, the appellee requested that the court order an appraisal of the property and award the appellee a money judgment against the appellant for an amount equal to one-half of the net appraised value.

Following a hearing, judgment containing the following findings, was entered:

(1) Shirley Ann Pettitt and James R. Pettitt, Jr., are the sole owners and co-tenants of a parcel of land ... also known as 3919 Coleridge; Houston, Texas, and of all possessory interest therein.

(2) Shirley Ann Pettitt, Movant, and James R. Pettitt, Jr., Respondent, each own an undivided one-half interest in the above property in fee simple.

(3) The property is not susceptible to fair and equitable partition in kind.

The Court ordered "that the above-described property be sold and that the proceeds of such sale be distributed among the above listed co-owners in accordance with their proportionate interests as found herein, after the costs for such sale are satisfied." The order further provided "that Barbara Runge is appointed receiver to sell the above-described property at a public or private sale, for cash, and subject to confirmation by the Court upon sworn report of such sale."

In his third point of error appellant contends the trial court erred in entering a final judgment on the merits because the motion to enforce was barred by the two year statute of limitations provided for in Section 3.70 of the Family Code or, alternatively, barred by the general four year statute of limitations. We find that neither of the statutes of limitations claimed by appellant is applicable to this proceeding which seeks to enforce the provisions of a final judgment between the parties.

■ Section 3.70 of the Family Code, concerning procedures for enforcement of a decree of divorce or annulment, is limited by its own terms to divisions of property under Section 3.63 of the code. Tex.Fam. Code Ann. §§ 3.63, 3.70 (Vernon Supp. 1985). Section 3.63 of the code, in effect at the time of enactment of Section 3.70, is concerned only with a division of the "estate of the parties." "Estate of the parties" refers only to the *community estate. Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977). Therefore, a division by the court under Section 3.63 can only be a division of the community property of the parties. *Cameron* at 219. We hold, therefore, that the two year statute of limitations set forth in Section 3.70(c) applies only to the enforcement of a division of community property made under Section 3.63.

■ In this case we are concerned with a division of separate property by agreement. Section 3.631 of the Family Code provides that "the parties may enter into a written agreement concerning the division of *all property* and liabilities of the parties." Tex.Fam.Code Ann. § 3.631 (Vernon Supp.1985). The agreement which gave appellee an interest in appellant's separate property would be an agreement under Section 3.631. If the legislature had intended the enforcement provisions set out in Section 3.70 to be applicable to agreements under Section 3.631, it could have included Section 3.631 in its coverage. Applying the statute as written, we find the two year statute of limitations set out in Section 3.70 inapplicable to this proceeding.

■ We, likewise, reject appellant's contention that the four year general statute of limitations governing written contract rights applies. While property settlement agreements incorporated in divorce decrees are subject to interpretation according to the laws relating to contracts, "[o]nce the agreement of the parties has been approved by the court and made a part of its judgment, the agreement is no longer merely a contract between private individuals but is the judgment of the court." *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979).

The statutes of limitation for enforcement of a judgment are contained in Articles 5532 and 3773, Tex.Rev.Civ.Stat. Ann. These articles provide that an action for enforcement of a judgment may be brought within ten years from the date of judgment. Tex.Rev.Civ.Stat.Ann. art. 3773 (Vernon 1966) and art. 5532 (Vernon 1958). In *Huff v. Huff*, 648 S.W.2d 286 (Tex.1983), the issue before the supreme court was whether the general four year statute of limitations or the ten-year statute of limitations for the renewing and enforcement of judgments should apply on a motion to enforce the child support portion of a divorce decree. The court reasoned the statutory procedure which the plaintiff there alleged was a procedure for enforcement of a judgment. The court held that since such motions are "included within the prescription of Art. 5532 [dealing] with the revival and enforcement of judgments, they are excluded from the ambit of Art. 5529 by the key language of that statute which narrows its application to only those '... action[s] ... for which *no limitation is otherwise prescribed....*'" (emphasis theirs). *Huff* at 289. We find the reasoning used in that case is equally applicable to the case before us. The agreement between the parties was incorporated in the final decree of the court and therefore became a part of the final judgment of the court. Appellant's claim that the general four year statute of limitations bars appellee's motion is, also, without merit. Point of error three is overruled.

In points of error five, six, seven and eight appellant complains that the court erred in finding appellant and appellee were co-tenants, appointing a receiver to sell the property and ordering a sale of the property. The basis for these points is that the property was, as a matter of law, appellant's separate property.

The character of property as separate or community is determined at the time of inception of title. Inception of title occurs when a party first has a right or claim to the property by virtue of which title is finally vested. *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949). Under the facts as stated above, fee title to the realty was the husband's separate property since it was acquired by him prior to marriage. *See, Villarreal v. Villarreal*, 618 S.W.2d 99 (Civ.App.—Corpus Christi 1981, no writ).

While the court was in error in finding the parties to be co-tenants, this does not inure to appellant's benefit. We agree with the statement in *Simpson v. Simpson*, 387 S.W.2d 717, 720 (Civ.App.—Eastland 1965, no writ) that there is no reason why one spouse can not convey or agree to convey their separate property to the other spouse as a part of a settlement agreement. The agreement conveys a fifty percent interest in the net proceeds from the sale of the home. The court unquestionably had the authority "to make orders necessary to carry the judgment into execution in a manner which is consistent with the provisions and finality of the judgment." *Schwartz v. Jefferson*, 520 S.W.2d 881, 888 (Tex.1975). *See, Ex parte McKinley*, 578 S.W.2d 437, 438 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The court's order appointing a receiver, ordering the property sold and the proceeds divided between the parties did not change the provisions of the judgment, but rather was an order necessary to carry the judgment into execution. Appellant's points five, six, seven and eight are overruled.

In his ninth point, appellant contends the court erred in entering the order complained of "because the Divorce Decree and Agreement Incident to Divorce" are too vague. He argues that the settlement agreement "does not even state that he has to sell the property." The agreement clearly awards the appellee one-half of the proceeds of the sale and states "the residence shall be sold by July 1, 1979." This case is similar to the one considered by the supreme court in *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945 (1960). In that case the judgment awarded the wife one-half of the profits from the husband's business and ordered the husband to furnish a future accounting to decide the amount of profits. The court viewed the rendering of the accounting and profits as

a "ministerial act incident to the final judgment." *Ferguson*, 338 S.W.2d at 947. The judgment in this case was equally as final; the details of the sale of the property were only ministerial acts incident to the final judgment. The divorce decree and agreement were not too vague to be enforced. The ninth point is overruled.

■ In his first, second and fourth points, appellant complains of the failure of the court to file findings of fact and conclusions of law. We find no error because there were no disputed facts to be resolved, even though the court did, in fact, make findings in his judgment. The record before this court affirmatively shows that appellant has suffered no harm from the failure of the court to separately make and file findings. *Fraser v. Goldberg*, 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). These points are overruled.

The judgment is affirmed.