**Larry A. PARNELL, Appellant,**

v.

**Novella Cooper PARNELL, Appellee.**

**No. C14-90-00330-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 13, 1991.

Pamela S. Halliburton, Houston, for appellant.

Ozell Price, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal by writ of error taken from a default judgment for divorce. Appellant brings twelve points of error. We reverse.

Appellant sued appellee for divorce in September 1988 and appellee filed an answer and a cross-petition. At this time, appellant was represented by an attorney named Terry Elizondo. Appellant subsequently discharged Elizondo and hired E. Neil Lane. On February 6, 1989, Lane represented appellant at a hearing before the Master in Chancery of the district court. The court entered a temporary order, awarding appellant temporary sole use and possession of the homestead and of two properties located at 7426 South Hall and 7436 South Hall, as well as the rental income generated from these properties. The court also ordered the parties to file a sworn inventory and appraisal of all separate and community property by March 6, 1989. On May 30, 1989, appellant's attorney, Lane, was disbarred. This judgment enjoined Lane from practicing law and ordered him to notify all clients of the disbarment and to return all files. Despite this order, appellant claims that Lane never told him of the disbarment and did not return his file.

On July 28, 1989, appellee sent notice to Lane of a request for trial setting on September 25, 1989. Lane signed the certified mail return receipt for this notice but allegedly did not advise appellant of this trial setting request. Trial was held on September 26, 1989 and neither appellant nor his attorney appeared. A default judgment of divorce was entered awarding appellee various items including the property at 7436 South Hall.

On December 4, 1989, appellee filed a motion for enforcement of the divorce decree alleging that appellant had not complied with the decree provisions requiring execution and delivery of the income tax refund check, a special warranty deed, deed of trust, assignment of escrow funds, and assignment of utility deposits. Appellant contends that when he was served

with this motion he contacted Lane, who pled illness and sent his son to represent appellant at the hearing. Lane's son appeared with appellant at the December 19, 1989 hearing.

At this hearing, the trial court asked appellant if he had executed and delivered the special warranty deed and deed of trust. Appellant conceded that he had not, and the court ordered appellant to execute these documents before leaving court. Appellant alleges that he first learned of the default judgment and of Lane's disbarment during this hearing.

On January 11, 1990, appellant filed a motion for rehearing of the motion for enforcement and a motion for a temporary restraining order. The trial court denied these motions on February 8, 1990. On February 16, 1990, appellant filed a petition for writ of error.

■ An appeal by writ of error constitutes a direct attack on a default judgment. *See Bloom v. Bloom*, 767 S.W.2d 463, 466 (Tex.App.—San Antonio 1989, writ denied). Where the appellant otherwise qualifies to appeal by writ of error, the appellant will prevail only if he can show the existence of error " 'apparent from the face of the record'." *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390, 392 (Tex.1982). "Error apparent on the face of the record" means nothing more than "error shown by the record," the same standard used in any appellate review. *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 644 (Tex.App.—Dallas 1987, no writ). *See also Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965) (appeal by writ of error affords the same scope of review as an ordinary appeal). The usual presumptions of validity of a judgment are not indulged in a writ of error proceeding. *Bloom*, 767 S.W.2d at 466.

■ In point of error eight, appellant claims the trial court erred in awarding appellee the property located at 7436 South Hall because this was appellant's separate property. The Texas Constitution, Art. XVI, § 15 and TEX.FAM.CODE ANN. § 5.01(a)(1) provides that property owned by a spouse before marriage remains the separate property of that spouse during the marriage. *See Jensen v. Jensen*, 665 S.W.2d 107, 109 (Tex.1984). The status of property as separate or community is determined at the time of inception of title to the property. *See Pettitt v. Pettitt*, 704 S.W.2d 921, 924 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The trial court has broad discretion in dividing the marital community property at divorce, but that discretion does not extend to divesting the spouse of separate property and transferring it to the other spouse. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex.1977).

The divorce decree in the instant case divested appellant of all right, title, interest, and claim in and to the property located at 7436 South Hall and awarded this property to appellee as her sole and separate property. Attached as an exhibit to appellant's response to appellee's motion for enforcement of a prior order is a warranty deed conveying the property located at 7436 South Hall to appellant, a single person. This deed reflects an execution date of February 13, 1979. Appellant's original petition for divorce alleged that the parties were married on or about March 18, 1979. Appellee's original answer and cross petition alleged the date of marriage as on or about March 18, 1989. At the trial held on September 26, 1989, appellee testified to a marriage date of March 5, 1979.

Because the record shows a marriage date in March 1979 and a deed conveying the property at 7436 South Hall to appellant in February 1979, this property was the separate property of appellant. The trial court abused its discretion in divesting appellant of his title to this property and in awarding this property to appellee in the divorce decree. *See Eggemeyer*, 554 S.W.2d at 142. Finding error on the face of the record, we sustain point of error eight. We need not address appellant's other points of error.

We reverse the judgment and remand the cause for trial.