NUMBER 13-02-167-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

MARIA DE LOS ANGELES ROJAS,                  Appellant,

v.

PEDRO ROJAS,                                                                             Appellee.
                                                                                                                      

On appeal from the 138th District Court 
of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Wittig


 

Opinion by Justice Wittig
          In a divorce trial to the bench, the judge awarded the couple’s home to appellee, 
Pedro Rojas, as his separate property. Appellant, Maria de los Angeles Rojas, appeals the
separate property characterization of the home. In six issues, she challenges the legal and
factual sufficiency of the separate property finding, and the fact appellee had no pleadings
to support the trial court’s award of the home to appellee as his separate property. We
affirm.
I.
          Appellant and appellee were married September 2, 1989. Just weeks before their
wedding, appellee entered into an earnest money contract to purchase the house in
question. Although the contract was undated, both his testimony and a written receipt for
the five hundred dollar earnest money dated August 18, 1989 showed this portion of the 
transaction occurred before the marriage. The house was paid off a few months after the
wedding with money appellee had accumulated, “working hard” for many years. Appellant
admitted the money came from appellee’s retirement account while appellee also testified
that the pay-off money came from “our savings.” 
          The trial court made findings of fact and conclusions of law. He found that appellee
purchased the house and lot prior to the marriage. The court also found the house was
purchased with monies owned by appellee prior to the marriage. The court further found
that the down payment was made before marriage, and that the down payment was made
with monies owned by appellee prior to the marriage. Finally, the court found that the final
payment for the house purchase was made with monies owned by appellee prior to the
marriage. The conclusions of law tracked the factual findings, that the house was not
community property of the spouses and that it was the separate property of appellee. The
monies used to purchase the property were not community, and were the separate
property of appellee.
II.
          One who complains of the trial court's division of property must be able to
demonstrate from evidence in the record that the division was so unjust and unfair as to
constitute an abuse of discretion. Finch v. Finch, 825 S.W.2d 218, 221 (Tex.
App.–Houston [1st Dist.] 1992, no writ); Wallace v. Wallace, 623 S.W.2d 723, 725 (Tex.
Civ. App.–Houston [1st Dist.] 1981, writ dism'd). A trial court's division will not be disturbed
on appeal unless it appears from the record that the division was clearly the result of an
abuse of discretion. Mogford v. Mogford, 616 S.W.2d 936, 944 (Tex. Civ. App.–San
Antonio 1981, writ ref'd n.r.e). The test for whether the trial court abused its discretion is
whether the court acted arbitrarily or unreasonably. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 24143 (Tex. 1985); see Wilson v. Wilson, 44 S.W.3d 597, 600
(Tex. App.–Fort Worth 2001, pet. denied). Under this type of review, legal and factual
insufficiency are not independent grounds of error, but rather relevant factors in assessing
whether the trial court abused its discretion. Zorilla v. Wahid, 83 S.W.3d 247, 252 (Tex.
App.–Corpus Christi 2002, no pet.). 
             When a party attacks the legal sufficiency of an adverse finding on an issue on
which she has the burden of proof, she must demonstrate on appeal that the evidence
establishes, as a matter of law, all vital facts in support of appellant’s issue. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 241-42 (Tex. 2001). In reviewing a matter of law challenge,
the reviewing court must first examine the record for evidence that supports the finding,
while ignoring all evidence to the contrary. Id. If there is no evidence to support the
finding, then the reviewing court will examine the entire record to determine if the contrary
proposition is established as a matter of law. Id. 
           If the findings are supported by legally sufficient evidence, we must then review the
factual sufficiency of the evidence. When we review an "insufficient evidence" or factual
sufficiency of the evidence issue, we consider, weigh, and examine all of the evidence
which supports or undermines the finding. Plas-Tex, Inc. v. United States Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989). We must consider whether the finding is so against the
great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex.1986). Because the trier of fact is the sole judge of
the credibility of the witnesses and the weight to be given their testimony, we may not
substitute our judgment for that of the fact finder's conclusions. Id. at 634; Benoit v.
Wilson, 150 Tex. 273, 239 S.W.2d 792, 796 (1951). Where there is conflicting evidence,
the trial court's determination on such matters is generally regarded as conclusive. 
Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, 512 (1947);
Adams v. H & H Meat Prods., Inc., 41 S.W.3d 762, 770 (Tex. App.–Corpus Christi 2001,
no pet.).
          The trial judge has wide discretion in dividing the parties' community estate. Murff
v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Winkler v. Winkler. 951 S.W.2d 80, 87 (Tex.
App.–Corpus Christi 1997, pet. denied). The party attacking the property division bears
the heavy burden of showing that the trial court's property division was not just and right.
Goetz v. Goetz, 567 S.W.2d 892, 896 (Tex. Civ. App.–Dallas 1978, no writ). We must
indulge every reasonable presumption in favor of the trial court's proper exercise of its
discretion. Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex. App.–Houston [1st Dist.]
1993, writ denied).
III.
          In appellant’s first two issues, she challenges the legal and factual sufficiency of the
characterization of the home as separate property. In issues three and four, she
challenges the trial court’s findings of fact and conclusions of law that the home was the
separate property of appellee and that the home was not community property. Because
issues three and four are redundant of the first two issues, we will address these findings
and conclusions in our analysis of issues one and two.
          In her first issue, appellant argues that, considering only the evidence “putatively
supporting” the judgment, there was legally insufficient evidence to overcome the
presumption that the property was paid for and acquired during the marriage. She
advances four reasons why the evidence is legally insufficient. First, reasonable and fair-minded people could not reach different conclusions about the import of “a mere $500
advance payment on a house before marriage.” That is, appellee’s payment of the
advance does not mean he had all the money to pay for the house before marriage. 
Second, such evidence does not overcome the presumption that property held at the time
of divorce is community property. Third, such evidence does not overcome the
presumption that property paid for during marriage is community property. And fourth, the
dual inference rule applies and therefore no fact may be inferred.



          We accept this as true. We also agree with appellant’s argument that property
possessed by either spouse during or on dissolution of marriage is presumed to be
community property. See Tex. Fam. Code Ann. § 3.003 (Vernon 1998).


 As a general
rule, any property possessed by either spouse during or on dissolution of marriage is
presumed to be community property, and a spouse must present clear and convincing
evidence to establish that such property is separate property. Id. Clear and convincing
evidence is the degree of proof that will produce in the mind of the trier of fact a firm belief
or conviction about the allegations sought to be established. Tex. Fam. Code Ann. § 
101.007 (Vernon 1998); Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 31 (Tex.1994). To
overcome this presumption, the spouse claiming certain property as separate property
must trace and clearly identify the property claimed to be separate. McElwee v. McElwee,
911 S.W.2d 182, 189 (Tex. App.–Houston [1st Dist.] 1995, writ denied). Tracing involves
establishing the separate origin of the property through evidence showing the time and
means by which the spouse originally obtained possession of the property. Hilliard v.
Hilliard, 725 S.W.2d 722, 723 (Tex. App.–Dallas 1985, no writ); see Smith v. Smith, 22
S.W.3d 140, 144 (Tex. App.–Houston [14th Dist.] 2000, no pet.).
          However, appellant ignores much of the evidence that supports the seminal findings
of the court, as well as his conclusions of law. The trial court found that appellee
purchased the home before the marriage and he did so with monies owned by him before
marriage. Evidence supporting these findings begins with the earnest money contract
which was entered into in August 1989, some weeks before the couple’s September 2,
1989 wedding. Although appellant is correct that the earnest contract is undated, the
receipt for the same five hundred dollar earnest money, introduced into evidence without
objection, is dated August 18, 1989. The title policy was issued in appellee’s name alone. 
Appellee testified that the ten thousand dollars used to pay off the house in January 1990
came from his savings. Appellee further testified he worked forty-three years and saved
the money he earned. “I had money in the bank that I had saved up. I made good
money.” A cashier’s check from MBank in the same amount bore appellee’s name and
that of the seller. The only tax records introduced into the record showed the property
taxed to appellee. 
          Property is characterized as "separate" or "community" at the time of the inception
of title to the property. Parnell v. Parnell, 811 S.W.2d 267, 269 (Tex. App.–Houston [14th
Dist.] 1991, no writ). Inception of title occurs when a party first has right of claim to the
property by virtue of which title is finally vested. Strong v. Garrett, 148 Tex. 265, 271, 224
S.W.2d 471, 474 (1949); Winkle v. Winkle, 951 S.W.2d 80, 88 (Tex. App.–Corpus Christi
1997, pet. denied). Here, appellee’s first right of claim arose before the marriage. Thus,
there is legally sufficient evidence to overcome both of the presumptions argued by
appellant. Appellant’s first issue is overruled.
IV.
          Appellant next argues factual insufficiency. She contends that both appellee’s
testimony and the documentary evidence is weak and the countervailing weight of the
evidence is overwhelming because appellee admitted on the stand that the home was paid
for after the marriage began. This is partially true, because the final ten thousand dollar
payment was made four months after coverture. She points to cross examination showing
that appellee brought no documentation to the trial showing where the money came from.


 
According to her argument, applying the presumption that the property was acquired during
the marriage is community, then the determination the home was separate property was
against the great weight and preponderance as to be manifestly unjust and wrong. We
disagree.
          The presumption of community property was overcome, not only with documentary
evidence we outlined above, but also the testimony of the parties. Appellant testified she
thought appellee purchased the home with money he won in the Mexican lottery. However,
she later contradicted herself stating that the purchase money was “withdrawn from his
retirement account.” Because the trier of fact is the sole judge of the credibility of the
witnesses and the weight to be given their testimony, we may not easily substitute our
judgment for that of the fact finder's conclusions. See Pool, 715 S.W.2d at 634. 
Appellant’s issues two, three, and four are overruled. 
          In her fifth issue, appellant argues that the trial court abused its discretion in dividing
the community estate. This argument is predicated upon an improper characterization of
the home by the trial court. Because we held the trial court did not err in its
characterization of the separate estate of appellee, this argument must also fail. Appellant
does not demonstrate how the trial court abused its discretion. See Downer, 701 S.W.2d
241, 243. Appellant’s fifth issue is overruled.
          Finally appellant contends appellee had no pleadings to support his evidence. 
Appellant argues from Jacobs v. Jacobs, 687 S.W.2d 731, 732 (Tex. 1985). The case
stands for the proposition that once reversible error affecting the "just and right" division
of the community estate is found, the court of appeals must remand the entire community
estate for a new division. Id. at 733. Neither Jacobs nor appellant’s other published
authority, Vickery v. Vickery, 999 S.W.2d 342, 361 (Tex. 1999) (Justice Hecht’s dissent to
the denial of petition for review), supports this argument. Rather, no objection was made
at the trial to any of the material evidence referenced above or the testimony of appellee. 
Further, the Texas Rules of Civil Procedure state that a party waives appeal for “[e]very
defect, omission or fault in a pleading either of form or of substance, which is not
specifically pointed out by exception in writing and brought to the attention of the judge in
the trial court before the instruction or charge to the jury or, in a non-jury case, before the
judgment is signed.” Tex. R. Civ. P. 90; Harlingen Irrigation Dist. Cameron County No. 1
v. Caprock Communications Corp., 49 S.W.3d 520, 534 (Tex. App.–Corpus Christi 2001,
pet. denied). In any event, appellant’s own pleadings petitioned the court to make a
property division. We hold that any defect or absence of pleading by appellee is waived. 
See id. Appellant’s final issue is overruled.
          The judgment of the trial court is affirmed.                                                     
 
                                                                                                                                          Don Wittig                                                                                       Justice           
 
Opinion delivered and filed 
this 8th Day of January, 2004.