NUMBER 13-04-167-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HERVE F. GENTILE, Appellant,


v.



PATRIZIA E. GENTILE, Appellee.

 


On appeal from the 156th District Court of Aransas County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa (1) and Yañez


Memorandum Opinion by Justice Yañez
 


 Appellee, Patrizia Gentile ("Patrizia"), sued appellant, Herve Gentile ("Herve"), to
enforce division of property provisions contained in an agreement incident to divorce and
incorporated into their final decree of divorce. Following a bench trial, the trial court
rendered judgment in favor of Patrizia. This appeal ensued. Herve raises seven issues
on appeal, which we will address as three separate issues. In these issues, Herve
contends the trial court erred in (1) failing to rule that the statute of limitations barred
Patrizia's suit (Herve's issues one and two), (2) finding that he violated the agreement
incident to divorce (issues three, four, and five); and (3) awarding attorney's fees (issues
six and seven). We affirm.

Background (2)

 On December 5, 1996, Herve and Patrizia entered into an agreement incident to
divorce ("the Agreement"). Disputes arose over provisions in the Agreement relating to the
division of property; the trial court, located in Aransas County, Texas, appointed a special
master to address the disputes. The master rendered a decision on November 12, 1997,
and filed it with the court on December 19, 1997. The final decree of divorce ("the
Decree") was entered on June 12, 1998.

 On April 15, 2002, Patrizia filed a Motion for Enforcement of Agreement Incident to
Divorce against Herve. A bench trial commenced on this matter in November of 2003 and
the court entered its judgment on January 8, 2004. The court determined that Herve had
failed or refused to sell and distribute Patrizia's fifty percent interest in a Ferrari Speciale
automobile ("the Ferrari") and furnishings from their Utah condominium ('the furnishings");
as a result, the court awarded Patrizia $82,000, before interest. The court also awarded
Patrizia $5,000 in attorney's fees and ordered a take-nothing judgment as to Herve's
counterclaim.

Discussion

Issue One: Statute of Limitations

 In Texas, "[a] suit to enforce the division of tangible personal property in existence
at the time of the decree of divorce or annulment must be filed before the second
anniversary of the date the decree was signed or becomes final after appeal, whichever
date is later, or the suit is barred." (3) In the instant case, the Decree required the parties to
sell the Ferrari and the furnishings and divide the proceeds equally. The trial court signed
the Decree, which incorporated the Agreement, on June 12, 1998. Patrizia brought this
suit to enforce the Agreement on April 15, 2002, almost four years after the Decree was
entered. As a result, and because the Ferrari and furnishings are tangible personal
property, Herve asserts that Patrizia's suit is barred by section 9.003(a) of the family code. (4) 
We disagree.

 "Tangible personal property" is not defined in the family code. The tax code defines
it as "personal property that can be seen, weighed, measured, felt, or touched or that is
perceptible to the senses in any other manner . . . ." (5) Although "goods" are tangible
personal property, (6) money is not a "tangible chattel" or "goods," but is instead a currency
of exchange that enables the holder to acquire goods. (7) Although the $82,000 awarded to
Patrizia came from specific sources, i.e., the furnishings and the Ferrari, it was an award
of cash; the Decree awarded Patrizia no interest in the furnishings and the Ferrari
themselves. (8) Because cash is intangible property, rather than tangible personal property,
the two-year limitations period in section 9.003(a) is inapplicable. We thus overrule
Herve's first two issues. (9)

Issue Two: Legal and Factual Sufficiency

 In its conclusions of law, the trial court stated that Herve was liable to Patrizia on the
legal theories of conversion, fraud, and breach of contract. On appeal, Herve asserts that
there is legally and factually insufficient evidence to support these theories of liability. In
his brief, Herve notes that these theories were not explicitly pled; rather, Patrizia simply
plead "for enforcement of all terms pursuant to the Agreement Incident to Divorce within
the Final Decree of Divorce." In light of her pleading, however, it was only necessary for
Patrizia to present legally and factually sufficient evidence showing that the Agreement had
not been complied with. (10) If such a showing was made, it was then up to the trial court to
administer an adequate remedy as provided by law. In considering Herve's challenges,
we utilize the normal standards of review. (11)

 According to the Agreement, Herve and Patrizia agreed, and the trial court ordered
and decreed, that the Ferrari and the furnishings would be placed on the market for sale. 
The Agreement did not provide a deadline as to when the items were to be sold, nor did
it assign any particular party the responsibility of placing the items on the market. The
Agreement simply stated that "[t]he assets shall be sold at fair market value for a price that
is mutually agreeable to the parties." If, however, the parties were "unable to agree on a
sales price upon the application of either party to this suit, the property [was to] be sold
under the terms and conditions as determined by a Court appointed receiver." 

 Evidence at trial revealed that the Ferrari has been in Herve's possession since the
Agreement was entered into; the furnishings have been in Herve's sole possession since
around March of 2000. (12) Herve testified that he made several attempts to sell the Ferrari,
but it went unsold because Patrizia rejected available bids. Herve also produced a letter
that was sent to and received by Patrizia, whereby he sought to resolve matters relating
to the furnishings. Patrizia testified that she did not attempt to sell the Ferrari or the
furnishings. The evidence did show, however, that Patrizia sent Herve two letters which
sought resolution of her outstanding interests in those items.

 Herve's testimony generally revealed that he did not intend to sell the Ferrari or the
furnishings, nor did he intend to remit any money to Patrizia in the event of a sale. The
reason for this, according to Herve, was that Patrizia had agreed to relinquish her interest
in the Ferrari if he purchased a vehicle for their daughter, Stefania. Herve did purchase
a vehicle for Stefania. A letter Herve sent to Patrizia made reference to such an
agreement, and Stefania attested to the existence of this agreement in an affidavit. This
alleged agreement, however, was never put into writing and Patrizia testified that she had
never entered into any such agreement. With regard to the furnishings, Herve testified that
the items were sold to the buyer of the condo. Herve testified that the buyer paid for the
furnishings in the purchase price even though the buyer had no interest in retaining the
items; as a result, Herve arranged to have the items removed from the condo and
transported to Texas. Because Herve split the proceeds from the sale of the condo with
Patrizia, he contends that she has already received her interest in the furnishings. Herve
further testified that since moving the furniture to Texas, he has sold some of the furniture
and has not shared the proceeds from those sales with Patrizia.

 In a bench trial, it is the duty of the trial court as the finder of fact to pass on the
credibility of the witnesses and on the weight to be given testimony and it can either reject
or accept the testimony of any witness, in whole or in part. (13) The trial court was free to
believe Patrizia's testimony that she had never agreed to relinquish her interest in the
Ferrari for the reasons asserted by Herve. The court was also free to disbelieve Herve's
testimony regarding the furnishings--testimony that was unsupported by the purchase
contract for the condo and all other available evidence.

 Though the Agreement is silent as to when the Ferrari and the furnishings were to
be sold, it implies that these items were to be sold within a reasonable period of time. (14) 
The facts reveal that Patrizia filed this suit more than five years after the Agreement was
entered into and nearly four years after the Decree's entry; as a result, we find that a
reasonable amount of time for complying with the Agreement has elapsed. We also find
that though the Agreement did not specifically assign Herve the responsibility of selling the
items in question, responsibility nonetheless rested with Herve because he maintained
possession. (15)

 We further note that it appears as if neither party requested the appointment of a
receiver prior to this suit. The evidence at trial indicates that this was a viable remedy for
the trial court. (16) Though appointment of a receiver was a remedy laid out in the
Agreement, the trial court was free to consider alternatives. This is because a contract will
not be construed to limit remedial rights of the parties unless such an intent is clear, (17) and,
where the provisions affording the remedy are merely permissive and not exclusive, the
provision will not prevent a resort to other remedies. (18) The Agreement does not evidence
an intent to limit available remedies; therefore, the trial court was within its right to enforce
the Agreement through a money judgment. (19)

 We find that the evidence was legally and factually sufficient to support the trial
court's determination that Herve failed to comply with the Agreement and that Patrizia was
thus entitled to a money judgment in the amount awarded. (20) 

Issue Three: Attorney's Fees

 Herve contends the trial court erred both in awarding Patrizia attorney's fees and
in refusing to award him attorney's fees. "In a non-jury trial, where no findings of fact or
conclusions of law are filed or requested, it is implied that the trial court made all the
necessary findings to support its judgment." (21) Though findings of fact and conclusions of
law were made in this case, the court did not address the issue of attorney's fees. Herve
did not request additional findings of fact and conclusions of law, and in failing to do so,
waived on appeal the trial court's failure to make such a finding on the issue in question. (22) 
In the absence of any findings of fact and conclusions of law, it is Herve's burden as
appellant to show that the trial court's judgment was not supported by any legal theory
raised by the evidence. (23) Further, all facts will be deemed found against Herve and in
support of the portion of the judgment from which he appeals. (24)

 In his brief, Herve concedes that a "court may award reasonable attorney's fees as
costs" in a suit to enforce a decree of divorce. (25) Patrizia similarly asserts that a court has
discretion in awarding attorney's fees, but contends that, as applied to the instant case,
discretion exists under section 38.001(8) of the civil practice and remedies code. (26) 
Regardless of where the court's discretion stems from, Herve asserts that when the final
decree of divorce incorporates an agreement incident to divorce, contractual provisions
contained therein regarding attorney's fees prevail over statutory provisions for permissive
awards of attorney's fees. (27)

 The Agreement's provision relating to attorney's fees states the following:

 To effect an equitable division of the estate of the parties and as a part of the
division, and for services rendered in connection with conservatorship and
support of the child, each party shall be responsible for his or her attorney's
fees incurred as a result of legal representation in this case through
December 5, 1996. After that date, all legal fees and accounting fees
incurred by the parties to effectuate the division of the estate of the parties
shall be paid one-half by each party.


Herve contends that the attorney's fees in this case are contractual in nature and that the
aforementioned language contemplates the mutual sharing of attorney's fees in all post-entry disputes as to division of the estate of the parties. Alternatively, Patrizia asserts that
the Agreement contemplates splitting legal fees up until June 12, 1998--the date the
Decree was entered. We agree with Patrizia.

 The Agreement was entered on December 5, 1996, and a special master rendered
his interpretations of the Agreement (the "Master's Decision") to the trial court on
December 19, 1997. In the Master's Decision, the Agreement's provision on attorney's
fees was addressed. The Master's Decision stated that in interpreting the provision, "The
issue then narrows to what is necessary to 'effectuate division.'" It goes on to state that
"the parties shall exchange information related to the billing and payment of attorney's fees
and accounting fees, excluding the foregoing, incurred after December 5,1996, and any
necessary adjustment thereon shall be made effective on the date of entry of the Decree
of Divorce herein." We believe that reference to the Decree's date of entry is evidence that
the special master interpreted the one-half division of fees to continue up until the Decree
was entered. Because this suit was initiated after the Decree's entry, the awarding of
attorney's fees in the instant case was governed by statute and not by the Agreement. 
Therefore, deeming all facts in support of the portion of the judgment from which Herve
now appeals, we find that the trial court did not abuse its discretion in awarding $5,000 to
Patrizia for attorney's fees incurred in bringing this suit. We also find that there was no
abuse of discretion in refusing to compensate Herve for attorney's fees incurred in this suit.

 Herve additionally claims that the trial court erred in failing to award him attorney's
fees for costs he incurred in defending himself from a previous suit brought by Patrizia on
October 13, 1997. (28) We find, however, that because Herve could have sought recovery
for those fees in that prior suit, but failed to do so, res judicata bars Herve from recovering
them now in the instant case. (29) Accordingly, Herve's final two issues on appeal are
overruled.

Conclusion

 

 The judgment of the trial court is affirmed.



 

 LINDA REYNA YAÑEZ,

 Justice




Justice Federico G. Hinojosa not participating.


Memorandum opinion delivered and filed 

this the 1st day of February, 2007. 
1. The Honorable Federico G. Hinojosa, former Justice of this Court, did not participate in this opinion
because his term of office expired December 31, 2006. See Tex. R. App. P. 41.1(c).
2. As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not
recite them here except as necessary to advise the parties of this Court's decision and the basic reasons
for it. See Tex. R. App. P. 47.4.
3. Tex. Fam. Code Ann. § 9.003(a) (Vernon Supp. 2006).
4. Id. Section 9.003 addresses two categories of claims. The first involves property in existence at
the time the divorce decree issues, as outlined herein, the second involves future property not in existence
at that time. Herve's statute of limitations argument is limited to the first category.
5. Tex. Tax Code Ann. § 151.009 (Vernon Supp. 2006).
6. See Tex. Fin. Code Ann. § 371.003 (Vernon Supp. 2006).
7. See Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 174 (Tex. 1980); see also Great Southern Life
Ins. Co. v. City of Austin, 112 Tex. 1, 11, 243 S.W. 778, 781 (1922) (listing "money" as an example of
intangible property); BLACK'S LAW DICTIONARY 809, 1217 (6th ed. 1990) (defining "tangible property" as
"all property which is touchable and has real existence (physical) whether real or personal . . . ." and defining
"intangible property" as "such property as has no intrinsic and marketable value, but is merely the
representative or evidence of value . . . .").
8. See Chavez v. Chavez, 12 S.W.3d 563, 564 (Tex. App.-San Antonio 1999, no pet.) (holding that
"proceeds from the sale of stock constituted property not in existence at the time of the divorce"); Arnold v.
Eaton, 910 S.W.2d 181, 183 (Tex. App.-Eastland 1995, no writ) (concluding that a $20,000, which was
secured by a lien, was not tangible personal property subject to the limitations period set forth in section
3.70(c), predecessor to section 9.003); Ford v. Ford, 2000 Tex. App. LEXIS 6111, *6 (Tex. App.-Houston
[14th Dist.] Sept. 7, 2000, no pet.) (not designated for publication) (holding that "[a]lthough the $44,000
awarded to [wife] was to come from a specific source, i.e., the account, it was an award of cash; the decree
awarded [wife] no interest in the account itself," thus making section 9.003(a) inapplicable).
9. Patrizia asserted a number of other reasons that Herve's statute of limitations claim fails. Because
our analysis disposes of the statute of limitations issue, we will not address Patrizia's remaining reasons. 
See Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as
practicable but that addresses every issue raised and necessary to final disposition of the appeal."). 
Furthermore, because we have ruled in Patrizia's favor on the statute of limitations issues (Herve's first
issue), we need not address Herve's second issue regarding whether Patrizia's suit has a limitations defense
under section 16.04(a) of the civil practice and remedies code, Tex. Civ. Prac. & Rem. Code Ann. §
16.064(a). Id.
10. The analysis contained within this issue focuses on whether this showing was made--whether
or not the Agreement was complied with--as opposed to whether Patrizia additionally proved the elements
of conversion, fraud, and breach of contract as outlined in the trial court's conclusions of law. See Corpus
Christi v. Davis, 575 S.W.2d 46, 55 (Tex. Civ. App.-Corpus Christi 1978, no writ) ("If the controlling findings
of fact will support a correct legal theory, incorrect legal conclusions will not require a reversal."). 
Furthermore, because Herve attacks the legal and factual sufficiency of the trial court's findings of fact, those
findings will not bind the parties or this Court. See Katz v. Rodriguez, 563 S.W.2d 627, 631 (Tex. Civ.
App.-Corpus Christi 1978, no writ).
11. See City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005) (discussing standards for legal
sufficiency review); Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (discussing standards for
factual sufficiency review). Herve does not identify any of his arguments as attacking specifically the legal
or factual sufficiency of the evidence. Consequently, we discuss all of his arguments together but apply the
standards distinctly.
12. The evidence reveals that the furnishings were held in the Gentiles' Utah condo at the time the
Agreement was entered into and that both parties had an equal right to utilize the condo prior to it being sold. 
When the condo was sold, Herve hired a moving company, in March of 2000, to transport the furniture to
Texas for storage.
13. See e.g., Central Forest S/C Partners, Ltd. v. Mundo-Mundo, Inc., 184 S.W.3d 296, 302 (Tex.
App.-Dallas 2005, no pet.).
14. See Beago v. Ceres, 619 S.W.2d 293, 295 (Tex. Civ. App.-Houston [1st Dist.] 1981, no writ);
Dauray v. Gaylord, 402 S.W.2d 948, 952 (Tex. Civ. App.-Dallas, 1966, writ ref'd n.r.e.).
15. See Pettit v. Pettit, 704 S.W.2d 921, 924-25 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). 
In Pettit, the plaintiff brought suit against the defendant, her ex-husband, in a motion to enforce an
agreement incident to divorce. Id. at 922. The Agreement ordered that the marital domicile of the parties,
which was the defendant's separate property, be sold. Id. The defendant lived in the domicile from the
inception of the Agreement to the time of suit. Id. The trial court ruled in the plaintiff's favor, appointing a
receiver to make the sale and ordering that the proceeds be divided between the parties. Id. The Houston
Court of Appeals affirmed the decision of the trial court, despite the defendant's argument that the
Agreement did not specify that he was the one required to sell the property. Id. at 924-25.

 Just as the defendant in Pettit was impliedly responsible for selling the domicile, because its
separate property status rendered him the only party empowered to do so, Herve, for all practical purposes,
was the only party with the power to carry out a sale because the Ferrari and the furnishings were in his
possession.
16. On direct examination, for instance, Patrizia responded affirmatively when asked if she would
request the court to appoint a receiver in the event that the court did not award damages. The evidence also
showed that the Ferrari and some of the furnishings were still in Herve's possession.
17. See, e.g., Vandergriff Chevrolet Co., Inc. v. Forum Bank, 613 S.W.2d 68, 70 (Tex. Civ. App.-Fort
Worth 1981, no writ).
18. See, e.g., Bifano v. Young, 665 S.W.2d 536, 539 (Tex. App.-Corpus Christi 1983, writ ref'd n.r.e.).
19. See Tex. Fam. Code Ann. § 9.010(b) (Vernon Supp. 2006) ("If a party did not receive payments
of money as awarded in the decree of divorce or annulment, the court may render judgment against a
defaulting party for the amount of unpaid payments to which the party is entitled.").
20. We find that the trial court's approximation of damages, though formulated in the context of
assessing damages for conversion and breach of contract, which are conclusions of law we do not address
herein, is rightly applicable to our finding that Herve failed to comply with the Agreement and find that the
damages reflect the approximate damages that Patrizia incurred therefrom.
21. Richards v. Mena, 907 S.W.2d 566, 572 (Tex. App.-Corpus Christi 1995, writ dism'd) (citing
Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989)). 
22. See Keith v. Keith, 763 S.W.2d 950, 953 (Tex. App.-Fort Worth 1989, no writ).
23. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 279 (Tex. 1987).
24. Id.
25. Tex. Fam. Code Ann. § 9.014 (Vernon Supp. 2006).
26. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2006) ("A person may recover reasonable
attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the
claim is for an oral or written contract.").
27. Herve cites to McMann v. McMann, 942 S.W.2d 94, 96 (Tex. App.-Houston [1st Dist.], no writ),
in support of this proposition.
28. This suit was filed in Nueces County, Texas against H & P Gentile Family Limited Partnership and
Herve, as General Partner, for violations of the Texas Revised Partnership Act. In that suit, some of
Patrizia's causes of action were dismissed on su
mmary judgment; these causes later resurfaced in the
instant suit.
29. See generally Barr v. Resolution Trust Corp., 837 S.W.2d 627 (Tex. 1992).